# Weingarten Bros. *et al. v.* Marcus *et al.*

121  187
f121  94
121  187
132  79

*Creditor's Bill to Set Aside Fraudulent Confession of Judgment by Debtor.*

1. *Fraudulent suit as rigidly condemned as fraudulent contract.*—A suit which is collusive, being begun and carried on for the purpose of hindering, delaying or defrauding creditors by a creation of a lien on the property of the debtor, or by placing the property in the custody of the law, or otherwise obstructing the collection of rightful claims, is as rigidly condemned by the statute (Code, § 818), as a fraudulent conveyance in contract form.

2. *Fraudulent conveyance; creditor may have relief against in equity though he has a remedy at law.*—Under the provisions

[Weingarten Bros. *et al.* v. Marcus *et al.*]

of the Code a creditor may have relief in chancery against a fraudulent conveyance, although he may have adequate remedy at law—the jurisdiction of the chancery court, attaching when a case falls within the statute by express provision of the statute independent of its original jurisdiction respecting fraud.

3. *Proceeds of property fraudulently conveyed may be condemned.* The proceeds of property fraudulently conveyed in the hands of a fraudulent grantee may be condemned and ordered to be paid to the creditor, or the right enforced against the vendee by personal decree and execution. So also if the goods have been otherwise converted or appropriated by the fraudulent grantee, he is liable upon an accounting, by personal decree and execution, to pay the value thereof in discharge of the claims of the creditors.

APPEAL from the City Court of Birmingham.

Heard before the Hon. W. W. WILKERSON.

The bill in this case was brought by Weingarten Bros. and others, as creditors against S. Marcus, Jr., the debtor, and others. It was amended by striking out all the defendants except Ike Adler, and by alleging that Marcus had confessed judgment in favor of Adler; that execution issued thereon and was levied on the goods of Marcus which were sold under the execution and purchased by Adler; that these transactions were collusive and fraudulent, and that the debt on which confession of judgment was made was simulated; and that Adler was secretly interested in the business carried on by Marcus. The defendant, Adler, moved to dismiss the bill for want of equity, and this motion was granted and the bill dismissed. From this decree this appeal is taken. Reversed.

JNO. W. TOMLINSON, for appellant, contended, that the bill makes a clear case of fraud and that both of said parties participated in the fraud; and that the fact that complainants had a remedy at law does not prevent relief in equity.

CABANISS & WEAKLEY, *contra.*—Fraud alone will not give a court of equity jurisdiction; when the party has an adequate remedy at law he cannot go into a court of equity.—*Smith's Ex'r. v. Cockerill*, 66 Ala. 78; *Peoples*

v. Burns, 77 Ala. 292; Bergan v. Jeffreys, 88 Ala. 349; Teague v. Martin, 87 Ala. 500; Calahan v. Monroe, 56 Ala. 303; Pate v. Henson, 104 Ala. 599.

SHARPE, J.—The bill contains ample averments to bring the case within section 818 of the Code. Besides the charge of actual fraudulent intent actuating the confession of judgment in favor of defendant, it is alleged that the debt upon which the judgment was founded was simulated, which fact would of itself vitiate the transaction as against existing creditors. By the uniform decisions of this court a suit which is collusive, being begun and carried on for the purpose of hindering, delaying or defrauding creditors by the creation of a lien upon the property of the debtor, or by placing the property in the custody of the law, or otherwise obstructing the collection of rightful claims, is as rigidly condemned by the statute as a fraudulent conveyance in contract form.—Cartwright v. Bamberger, Bloom & Co., 90 Ala. 405; Bamberger, Bloom & Co. v. Voorhees, Miller & Rupel, 99 Ala. 292; Ala. Nat. Bank v. Mary Lee C. & R'y Co., 108 Ala. 288; Comer v. Heidelbach, 109 Ala. 229; Pollak & Co. v. Muscogee Mfg. Co., 108 Ala. 467; Planters & Merchants' Bank v. Laucheimer, et al., 102 Ala. 454; Steiner v. Parker, 108 Ala. 357.

It is not claimed by complainants that the specific goods can be reached under this bill to which the transferee corporation is not a party, and any relief under it must be by personal decree enforceable by execution as upon a judgment at law. Therefore, appellee insists that in view of the allegation in the bill to effect that he was secretly interested as a partner of Marcus, appellants' remedy at law is adequate—a personal judgment at law and execution being as effective for the collection of the debt as a personal decree and execution in equity.

It is the general rule that fraud is cognizable in equity only when the law court is without power to afford the peculiar relief sought, and that rule would seem to apply to this case unless avoided by the statute conferring upon the chancery court the jurisdiction invoked by this bill. Originally only judgment creditors who had exhausted legal remedy could come into equity to subject

to their debts property which had been fraudulently conveyed by their debtors. Section 818 of the Code gave to simple contract creditors the remedy in chancery to discover or to subject such property to the payment of their debts. When a case falls within the statute the jurisdiction of the chancery court attaches by its express provision independent of its original jurisdiction respecting fraud. In *Montgomery & Florida R'y Co. v. McKenzie*, 85 Ala. 548, referring to section 818 of the Code this court, by Chief Justice STONE, said: "The only claim of equitable ground in that statute was the fraud imputed which is not always and *per se* a subject of equity jurisdiction. A majority of this court so decided in *Smith v. Cockrell*, 66 Ala. 64. See also 2 Pom. Eq., § 914, and note. In the absence of statute it is certainly not a ground of equitable jurisdiction when the gravamen of the complaint is that tangible personal property has been conveyed in fraud of creditors. Yet through all these years relief has been granted to creditors without a lien in the chancery court and under that statute." It has been held by this court that the remedy extends to the value as well as to the proceeds of such property converted by a fraudulent grantee.—*Dickinson v. Nat. Bank of the Republic*, 98 Ala. 546. In that case it was said: "The proceeds of property fraudulently conveyed in the hands of the fraudulent grantee may be condemned and ordered paid to the creditor, or the right enforced against the vendee by personal decree and execution. So also if the goods have been otherwise converted or appropriated by the fraudulent grantee, he is liable upon an accounting by personal decree and execution to pay the value thereof in discharge of the claims of the creditor."

It results from such construction of the statute that the jurisdiction conferred by it upon the chancery court is not dependent upon the character of the relief which may be afforded, but attaches to relieve against the particular class of fraud there mentioned by any appropriate process and decree.

A. transfer of partnership goods to an individual member of the firm may be fraudulent as to creditors and, therefore, within the jurisdiction given by the statute. The remedy at law against the alleged secret partner was not exclusive. The right of election existed on the part of complainants to regard the ostensible partner with whom they contracted as their sole debtor and the secret partner as a stranger.—*Ex parte Hodgkinson*, 19 Ves., 294; *Ex parte Norfolk*, Ib. 454.

The bill is not without equity, and the decree of dismissal must be reversed. The cause will be remanded to the city court.

Reversed and remanded.