# Metcalf *et al. v.* Arnold *et al.*

*Bill in Equity by Judgment Creditor to Set Aside Fraudulent Conveyance.*

(Decided June 28th, 1902.)

1. *Bill to set aside fraudulent conveyance; fraudulent scheme; amendment, when not inconsistent with original bill.*—Where a bill against a mercantile partnership, filed by a judgment

creditor, alleged that said partners, with intent to hinder, delay and defraud their creditors, organized a corporation to which they conveyed all the assets of the firm in payment of its capital stock, and fraudulently issued stock therein to themselves and their wives, and prayed that the formation of said corporation be declared fraudulent and void, that the conveyance thereto be set aside, and the property subjected to complainant's judgment; and an amendment thereto alleges that, since the filing of the original bill, the property has been disposed of and is not obtainable, and varies the allegations of the original bill as to the manner in which the corporation acquired the property and assets of said partnership, and alleges that the "said transfer of property and formation of said corporation were parts of the scheme formed to hinder, delay and defraud the complainants and other creditors," and which seeks to hold the several transferees to account as trustees, for the value of said property: *Held*: That the amendment is not inconsistent with or a departure from the original bill: the several transfers being shown to be, each, a part of the same fraudulent scheme alleged in the original bill.

2. *Fraudulent conveyance; liability of fraudulent grantee for value of property.*—A fraudulent grantee, who wrongfully places the property beyond the reach of his transferor's creditors, may be held liable for its proceeds or value by bill in equity.

3. *Same; effect of solvency of debtor; Code,* § *818.*—A solvent debtor may, by conveying his property with intent to defraud creditors, be guilty of a fraud which will authorize them, under section 818 of the Code, to pursue the property or its proceeds.

4. *Same; fraudulent transfers as between partners.*—When made with a fraudulent intent, the transfer by one partner to another of his interest in the firm property will place the transferee in the attitude of a fraudulent grantee.

5. *Simple contract creditors; rights in equity after division and disposition of firm property; partnership; fraudulent conveyance.*—Simple contract creditors have no lien on property of a debtor partnership, and cannot recover against transferees in good faith from the individual partners of the partnership property, after a dissolution of the partnership and a division of the firm property.

6. *Partnership; lien of partners on partnership property; how released; when not available to simple contract creditors of partnership.*—The lien which in equity exists in favor of each partner for the purpose of having partnership property ap-

plied to partnership debts, is discharged and released by a dissolution of the partnership and a division of the partnership property, and disposition thereof thereafter by the partners, in payment and consideration of *bona fide* debts owing by them individually, and is not thereafter available to simple contract creditors of the partnership.

7. *Same; fraud; payment of individual debt with property of partnership.*—The use of an insolvent firm's property in payment of individual debts of the partners is fraudulent *per se*, as against partnership creditors.

8. *Same; fraud in organization of corporation.*—Where partners dissolved the partnership, divided the property between themselves, then conveyed parts thereof to their wives in payment and consideration of debts owing them, respectively, and the four then organized a corporation, paying their subscriptions for stock by conveyances of their respective portions of the partnership property, and stock was issued to them, the transaction is a fraud on partnership creditors.

APPEAL from Montgomery Chancery Court.

Heard before Hon. W. L. PARKS.

The bill was filed by the appellees against appellants, and sought to set aside certain transfers and conveyances made by H. B. Metcalf and F. G. Weatherly, composing a partnership, as being in fraud of the rights of complainants, partnership creditors, and to subject the property conveyed to the payment of complainant's debts. The report of this case on the former appeal (110 Ala. 180) fully shows the nature and purpose of the bill as originally filed. After the remandment of the cause certain simple contract creditors, upon their petition, were made parties complainant to the cause. The nature of the amendment to the bill is shown by the opinion in this cause. There was a motion to strike the amendment on the ground that it was a departure from the original bill and inconsistent therewith, which motion was overruled. Demurrers were interposed to the bill as amended, upon the same grounds, which were overruled.

The rulings upon this motion and the demurrers to the bill as amended, and the decree granting the relief as prayed in the amended bill are assigned as error.

[Metcalf *et al.* v. Arnold *et al.*]

MARKS & SAYRE and JOHN G. WINTER, for appellants, cited *Moog v. Talcott,* 72 Ala. 212; *Brooks v. Lowenstein,* 124 Ala. 158; *Sayre v. Johnson,* 125 Ala. 673; *Case v. Beauregard,* 99 U. S. 128; 13 Ala. 137; 40 Ala. 259; 102 Ala. 439; 106 U. S. 648; 121 U. S. 228; 3 Brick. Dig., 517, § 137; Code, § 2156.

WATTS, TROY & CAFFEY, for appellees, cited *Dickinson v. Nat. Bank,* 98 Ala. 549; *Bryant v. Young,* 21 Ala. 272; *Kitchell v. Jackson,* 71 Ala. 556; Code, § 2039; *Giovanni v. First Nat. Bank,* 55 Ala. 305; *Flournoy v. Lyon,* 62 Ala. 213; *Terrell v. Hurst,* 76 Ala. 588; *Little v. McPherson,* 76 Ala. 552; *Levy v. Williams,* 79 Ala. 171; *Schlapback v. Long,* 90 Ala. 525; *Beachman v. Koch,* 92 Ala. 452; *Aiken v. Steiner,* 98 Ala. 365; *Pollak v. Pritchett,* 82 Ala. 169; *Metcalf v. Arnold,* 110 Ala. 180; *Smith v. Hineman,* 118 Ala. 195; *Bryant v. Young,* 21 Ala. 272; 29 N. J. Eq. 558; 55 Wis. 190; 86 N. Y. 664; 86 N. Y. 87; 90 N. Y. 372; 85 Tenn. 372; *Shaley v. Edwards,* 75 Ala. 411.

SHARPE, J.—On a former appeal the bill as originally filed in this case was upheld as against a demurrer, and was defined to be "a bill by a judgment creditor, seeking the aid of a court of equity to remove obstacles and hindrances to the enforcement of their judgments which the judgment debtors have fraudulently interposed." See *Metcalf v. Arnold,* 110 Ala. 180. As the bill then stood its equity rested on grounds for raising a constructive trust in property of a mercantile partnership upon an alleged fraudulent disposition of it to a newly formed corporation in payment for shares of its capital stock issued in part to the defendants who had composed the firm and in part to their respective wives. Since the remandment, and by way of amendment, the bill is made to allege in substance that since it was first filed the property has been disposed of and is not obtainable; that H. B. Metcalf and F. G. Weatherly, who composed the firm "before the formation of said corporation but as part of the scheme to defraud complainants, and on or about the same day and with a view to the formation of the said corporation, dissolved

[Metcalf *et al.* v. Arnold *et al.*]

the said partnership of H. B. Metcalf and divided the property of said membership between themselves. That immediately after the said dissolution of the partnership and division of said partnership property, and upon the same day, the said H. B. Metcalf, being indebted to his wife, A. P. Metcalf, transferred to her a part of the property of the partnership which he had received in the division of the partnership property, and at the same time, the said F. G. Weatherly, being indebted to his wife, M. M. Weatherly, transferred to her a part of the property which he, the said F. G. Weatherly, received in the division of the partnership assets; that immediately after the transfer of the said property to the said M. M. Weatherly and the said A. P. Metcalf, the said H. B. Metcalf, F. G. Weatherly, A. P. Metcalf and M. M. Weatherly formed the said corporation and paid for the stock issued to each of them, respectively, by the property of the said partnership which was at that time held by each of them respectively, and the said corporation thus became the holder of all the property of the said partnership;" and it is further alleged "'that the said transfer of property and formation of said corporation were parts of the scheme formed by the said H. B. Metcalf and F. G. Weatherly to hinder, delay and defraud the complainants and other creditors of the said partnership." From these averments in connection with the amended prayer it is apparent that the amendments looking to abandoning the pursuit of the specific property, the same having been disposed of since the bill was filed, and to holding the several transferees to account as trustees for its value. They are not objectionable as being inconsistent with, or as departing from the bill as originally filed, or as making a new case, for according to the allegations in the amended bill the several transfers are each part of a single fraudulent scheme, the same that was first attacked as having been formed by H. B. Metcalf and F. G. Weatherly, and from the property first forming the subject matter, the change in subject matter is only to that which of necessity stands in place of that property, viz.: responsibility of the constructive trustees, for its value. A fraudulent

grantee who wrongfully places the property beyond the reach of his transferor's creditors may be held liable for its proceeds or its value.—*Weingarter v. Marcus*, 121 Ala. 187; *Birmingham Shoe Co. v. Torrey, Ib.* 89; *Dickinson v. Nat. Bank*, 98 Ala. 546.

Nor is it a valid objection to the bill that it does not allege the partnership was insolvent. The debtors are charged with actual as distinguished from constructive fraud. A solvent debtor may by conveying his property with intent to defraud creditors, be guilty of a fraud which under section 818 of the Code will authorize them to pursue the property or its proceeds regardless of whether he has other property subject to debt.—*O'Neal v. Birmingham, etc., Co.*, 101 Ala. 383; *Smith v. Collins*, 94 Ala. 394; *Carter v. Coleman*, 82 Ala. 177; *Lehman v. Mayer*, 67 Ala. 396. And when done with such intent the transfer by one partner to another of his interest in the firm property will place the transferee in the attitude of a fraudulent grantee. *Weingarten v. Marcus; supra.* The demurrers to the bill as last amended and the motion to strike the amendments were properly overruled. But for reasons not clearly indicated by their demurrers, the bill is not sufficient to warrant relief against Mrs. Metcalf and Mrs. Weatherly. First it was adapted to enjoin them as stockholders and directors of the corporation from disposing of the property, but that is not now a feature of the case. With the alleged fraud of the debtors in transferring to them in payment of indebtedness to them, it fails to connect Mrs. Metcalf and Mrs. Weatherly by any averment whether of fact or conclusion. Their debts are not impugned as lacking *bona fides* or as inadequate to form the consideration for the goods received by them and it is not alleged that those defendants had notice, actual or constructive, of the alleged fraudulent scheme of their transferors. Simple contract creditors, such as complainants were at the time, have no lien on property of a debtor partnership. There are cases in which in equity they may be availed of the lien, which, when not released, exists in favor of each partner for the purpose of having the property applied to the partnerships debts. But this cannot be where the

[Metcalf *et al. v. Arnold.*]

partner has relinquished the lien. The alleged plan of those partners for the division and disposition of the firm property amounted to a discharge of the lien they each had, for that disposition was wholly inconsistent with the retention of the lien. Consequently the complainants cannot recover on any equity of the partners. *Goldsmith v. Eichold Bros.,* 94 Ala. 116; *Howe v. Lawrence,* 9 Cush. (Mass.) 533.

As against the principal debtors the case is made out both by the bill and the evidence. By decisions of this court the use of an insolvent firm's property in payment of individual debts of the partners has been held fraudulent *per se.—Goetter v. Norman,* 107 Ala. 585; *Pritchett v. Pollock,* 82 Ala. 169. The effect on creditors is the same and the law is the same, when the firm is made insolvent by such use of its property. But apart from that doctrine an intent on the part of these debtors to hinder and delay if not to otherwise defraud creditors, is convincingly evidenced by the course they took in diverting from the partnership all its property while making provision for its debts whereby besides paying their individual debts, they secured to themselves a substantial interest in the corporation formed in consummation of their scheme.

The decree appealed from will be reversed on the assignments of error made by Mrs. Metcalf and Mrs. Weatherly, and a decree will be here rendered dismissing the bill as to them and ordering a reference to the register for the ascertainment of the value of that part of the partnership property received by H. B. Metcalf and F. G. Weatherly, respectively, and the amounts due from them to each of the complaining creditors including those who have been or may hereafter be admitted as parties under the bill. After the execution of the reference, the chancery court will decree appropriate relief by holding defendants H. B. Metcalf and F. G. Weatherly each liable as trustees for those creditors in proportion to the amount of their respective claims and to the extent of the value of that part of the partnership property received by those defendants, respectively, in the division had of that property.

[Woodruff *et al.* v. Smith.]

The last named defendants will take nothing by their assignments of error but will pay half the costs of the appeal and the remaining half of said costs will be paid by the appellees. The costs in the chancery court other than those accruing on the appeal will abide the decree to be hereafter rendered in that court.