## Chandler *v.* Johnston Lumber Co.

### *Trial of Right of Property.*

1. *Partnership; Dissolution; Fraud.*—A solvent partnership may dissolve and divide the property among the partners if done in good faith with no attempt or purpose to defraud the partnership creditors, and there must be fraud to render the transaction void.

2. *Same; Dissolution; Sale of Property; Lien of Judgment Against Individuals.*—Where a firm was dissolved by mutual consent and one party bought the interest of another in a partnership chattel, with the agreement to pay the firm debts, and afterwards sold said chattels to a corporation in payment of stock in the same, the said corporation was without notice at the time of the purchase of any claim by anyone to the chattel and there was no evidence of the insolvency of the firm or of either party, or of any intention or purpose to defraud creditors, the chattel was not subject to the lien of a subsequent judgment obtained by firm creditors against the individuals composing the partnership.

APPEAL from Anniston City Court.

Heard before Hon. THOMAS W. COLEMAN, JR.

William Chandler as execution creditor had execution upon judgment against T. B. Cohen and another levied upon an engine and boiler, to which the Johnson Lumber Company, a corporation interposed its claim. From a judgment for the claimant the execution plaintiff appeals. Affirmed.

GEORGE D. MOTLEY, and H. D. McCARTY, for appellant. When defendants are described in the original process as O. R. & J. S. Price, partners under the style

of Price Brothers, the action is against them individually, and also as a partnership; and execution on a judgment may be levied on the partnership effects, as well as on the property of the persons named as partners.—*Dollins v. Pollock*, 89 Ala. 351. The use of an insolvent firm's property in payment of individual debts of the partners is fraudulent per se, as against partnership creditors.—*Metcalf v. Arnold*, 132 Ala. 74. The effect on creditors is the same and the law is the same, when the firm is made insolvent by such use of its property.—*Metcalf v. Arnold, supra; Goetter v. Norman*, 107 Ala. 585. Where a partnership is dissolved and the property divided between the partners and is conveyed to their wives in consideration of debts claimed to be owing their wives respectively, and the partners and their wives then organize a corporation paying the subscription for the stock by a conveyance of their portion of the partnership property, and stock is issued to them. the transaction is a fraud upon the partnership creditors.—5 May. Dig. 741, Sec. 38; *Metcalf v. Arnold, supra.*

BLACKWELL & AGEE, for appellee. This cause should be affirmed on the authority of *Metcalf v. Arnold*, 132 Ala. 79; *Meyer-Marks Co. v. Masters*, 119 Ala. 186.

MAYFIELD, J.—This was a claim suit for a boiler and engine. The property was levied upon under an execution against T. B. Cohen and J. W. Johnston. The property was claimed by appellee, Johnston Lumber Company, a corporation. The usual and proper issue on the trial of such suits was made up and tried by the judge of the city court of Anniston, without the intervention of a jury. The trial resulted in judgment for the claimant, from which this appeal is prosecuted.

The evidence was substantially without dispute, and showed the following state of facts: That the property in question once belonged to a partnership composed of J. W. Johnston and T. B. Cohen; that this partnership dissolved in November, 1906, by mutual consent, and that most of the partnership property, except this in question, was divided between the partners; that in February, 1907, Johnston bought Cohen's interest in the engine and boiler and agreed to pay the firm's debts, as a part of the consideration; that about the time of the sale of the engine and boiler to Johnston the Johnston Lumber Company was organized, and Johnston sold the boiler and engine to the new corporation, in part payment of his subscription for stock in the corporation. The judgment against Cohen and Johnston, upon which the execution in question was issued, was obtained on the 6th day of April, 1908. Execution thereon issued April 24, 1908, and alias and pluries writes issued later. The levy was made May 28, 1908. While the complaint and the facts would have authorized judgment and execution against the partnership, no such judgment was rendered, but one against the partners, individually, only.

The law does not prevent solvent partnerships from dissolving and dividing the property among the partners, if this is done in good faith and with no intent or purpose to defraud the partnership creditors. This is not such a diverting of partnership property to the payment of individual debts, as to render the transaction fraudulent per se as against the partnership creditors. There must be fraud, to render the transaction void.

There was no evidence that the partnership or any member of the firm was insolvent or in a failing condition at the time of the dissolution, or at the time of the sale of the property in question, or that there was any

attempt or intention to defraud the creditors of the firm or of the partners. The whole transaction seems to have been, and was by the trial court found to have been, carried through in perfect good faith. There was no lien upon the property in favor of any one at the time of the sale or of the dissolution, except that of the partners themselves, for the payment of the firm's debts and for the partners' individual behoof after the debts were paid. The creditors here had no lien upon the property, though in proper cases creditors may enforce the lien of the partners against the firm property, for the payment of their debts. This case, however, is not a proper one, upon several reasons, for the application of that doctrine. There was no actual fraud, and no evidence tending to show any, on the part of any one. The partners both had divested themselves of all claim to, or lien upon, the property, long before the creditors brought any suit, or obtained any lien upon any of the property. The property had been in good faith sold by both, and had gone into the hands of a bona fide purchaser for value without notice of the claim of any one against the property. The property was therefore not that of the defendants in execution, nor was it liable to such process. The court rendered the only judgment it should have rendered, under the issue and the undisputed facts.

Had this execution and judgment been against the partnership, and had it been shown that the partnership was insolvent, and had there been shown any evidence of fraud, on the part of either of the partners, toward the firm or its creditors, and any evidence tending to connect the claimant with such fraud or to show its knowledge of the fraud when it acquired the property, then the rights of the plaintiff in execution (appellant here) would have been quite different; but there was

[Killian v. Killian.]

no evidence—certainly no sufficient evidence—to warrant a conclusion on this appeal different from that of the trial court who heard all of it and saw the witnesses. This case is not brought within the rule announced in the case of *Metcalf v. Arnold*, 132 Ala. 76, 32 South. 763.

There was no use of the property of an insolvent partnership to pay the debts of the partners, so as to make the transfer fraudulent per se, as was declared to have been the fact in each of the cases of *Goetter v. Norman*, 107 Ala. 585, 19 South. 56, and *Pritchett v. Pollock*, 82 Ala. 169, 2 South. 735.

The only error assigned being as to the rendition of the judgment of the court, and the judgment being correct, it must be affirmed.

Affirmed.

DOWDELL, C. J., and SIMPSON and MCCLELLAN, JJ., concur.