## Morris & Co., *et al.* v. Barton & Allen, *et al.*

### *Creditor's Bill.*

(Decided November 21, 1912.   60 South. 172.)

1. *Appeal and Error; Assignment; Waiver.*—Errors assigned but not argued in brief or oral argument are deemed to be waived.

2. *Fraud; Evidence; Presumption.*—The law does not presume fraud and hence where fraud is alleged as a fact and the allegation is denied, it must be established.

3. *Fraudulent Conveyance; Evidence; Sufficiency.*—A mere preference of one creditor over another is not such a fraud as will authorize a bill to set aside a conveyance as fraudulent and void as to creditors; hence proof that a debtor sold his property for its reasonable market value and distributed the proceeds to his creditors rebutted any presumption of an intent to defraud his creditors although some of the creditors received none of the proceeds.

APPEAL from Tallapoosa Chancery Court.

Heard before Hon. W. W. WHITESIDE.

Bill by Morris & Company and others against Barton & Allen and others to set aside a conveyance as a fraud on creditors. From a decree denying the relief prayed complainants appeal. Affirmed.

M. PETERS, for appellant. The prayer for a personal decree against Barton and others is authorized.—*Metcalf v. Arnold*, 132 Ala. 74. There is no question of insolvency to be considered by the court as a solvent debtor may be guilty of a fraud which will authorize his creditors to pursue the property or its proceeds.— Section 3739, Code 1907; *Metcalf v. Arnold, supra; Beall & Coston v. Lehman Durr & Co.*, 110 Ala. 446; *Dickinson v. The Bank*, 98 Ala. 546.

GEO. A. SORRELL, for appellee. Fraudulent intent or fraudulent acts of a vendor not participated in or

[Morris & Co., et al. v. Bartin & Allen, et al.]

known to the vendee are not sufficient to authorize the setting aside the conveyance.—*Marshall v. Kroen,* 52 Ala. 554; *Florence Co. v. Zeigler,* 58 Ala. 221; *Shealey v. Edwards,* 75 Ala. 411. The law never presumes fraud and the burden is on those alleging it to prove it.— *Hodges v. Coleman,* 56 Ala. 103; *Harold v. Mitchell,* 57 Ala. 237; *Parks v. Searcy,* 84 Ala. 259. A debtor has the right to pay any of his creditors, though such payment will leave him unable to pay his other debts.— *Crawford v. Kirksey,* 55 Ala. 282; *Meyer v. Bromberg,* 74 Ala. 524; *Shealey v. Edwards, supra; Pollock v. Meyers,* 96 Ala. 172.

DOWDELL, C. J.—This is a creditors' bill to set aside an alleged fraudulent conveyance by the debtor.

While there are assignments of error on the ruling of the chancellor on demurrer to the bill as originally filed, these assignments are not insisted on in argument, and are therefore, under the rule, not considered.

The answers of the respondents to the bill as amended expressly deny every material averment of fraud. The question presented for our consideration, and the only one insisted on in argument, is purely one of fact. There is no difficulty in the law, as stated in the cases of *Metcalf et al. v. Arnold,* 132 Ala. 74, 32 South. 763, *Beall & Coston v. Lehman, Durr Co.,* 110 Ala. 446, 18 South. 230, and *Dickinson v. Bank of the Republic,* 98 Ala. 546, 14 South. 550, but the difficulty with the complainants here rests in the failure of proof to support the averments of fraud.

The law does not presume fraud, and when a charge of fraud is made as a fact, and is denied, it must be established by the evidence before relief can be had. The evidence in the present case has been carefully considered and it would serve no purpose to here go over

it in detail, and we are of the opinion that it falls far short of sustaining the allegations of fraud made in the bill.

It is shown without dispute in the evidence that the price paid by Barton & Allen for the stock of goods was fair, and not disproportionate, but a reasonable market value. And it is further shown without dispute that the proceeds of the sale of the stock was paid to the creditors. This rebuts any presumption of an intent on the part of the debtor to defraud his creditors in making the sale. The fact that some of the creditors received none of the proceeds does not constitute fraud, if the proceeds went to other creditors, as a debtor may prefer one creditor over another without being guilty, in so doing, of a fraud that would authorize a bill to set aside the conveyance as fraudulent and void against creditors.

We concur in the conclusion of the chancellor that the evidence fails to support the bill and the decree appealed from must be here affirmed.

Affirmed. All the Justices concur.