# Bunn *et al.* v. Timberlake *et al.*

*Bill in Equity to have Partnership Assets subjected to Payment of Judgment Creditors.*

1. *Equity jurisdiction; existence of adequate remedy at law must be*

[Bunn *et al.* v. Timberlake *et al.*]

*pleaded, and not presented by demurrer.*—The fact that complainant in a bill in equity has an adequate remedy at law is defensive in its nature, and need not be negatived in the bill; and where a bill does not show affirmatively that the complainant has an adequate remedy at law, the existence of such remedy must be set up by answer or plea, since the question can not be raised by demurrer.

2. *Same; the existence of a legal cause of action against a third party no defense.*—Where a bill in equity is filed against one man on equitable grounds, the fact that the complainant has a remedy on the same cause of action against another man in a court of law, constitutes no defense for the defendant in the chancery suit, and presents no bar to the maintenance of the bill.

3. *Partnership; liability of partnership assets for devastavit committed by partners as administrators.*—Where persons who are partners in business, and are also administrators of a decedent's estate, and as such administrators they convert the funds of the estate to the use of their partnership business, and the heirs and distributees of such estate recover judgment against them jointly as such administrators for said devastavit, on the subsequent insolvency of the partnership the heirs and distributees are entitled to share in its assets as judgment creditors of the partnership; and they can maintain a bill in equity to compel the assignee in a deed of assignment, executed by said partners for the benefit of the partnership creditors, to recognize and protect them as judgment creditors.

APPEAL from the Chancery Court of Jackson.

Heard before the Hon. THOMAS COBBS.

The facts of the case are sufficiently stated in the opinion.

J. E. BROWN, for appellants.

No counsel marked as appearing for appellee.

McCLELLAN, J.—John P. and Joseph S. Timberlake were administrators of the estate of Henry Bunn, deceased. They were also partners in a mercantile business. As such administrators they committed devastavits, and upon settlement of their administration in the probate court, judgments were rendered against them jointly as such administrators in favor of the heirs and distributees of said estate, severally. Soon after the rendition of these judgments, the firm of John P. and Joseph S. Timberlake made an assignment of all their partnership assets to Wm. L. Moody for the payment of their partnership debts. The present bill is

[Bunn *et al.* v. Timberlake *et al* .]

filed by those of Bunn's distributees who recovered judgments against said Timberlakes as such administrators, against said Timberlakes and said Moody, as their assignee and as in that capacity representing their partnership creditors; and its purpose is to have their debts, in certain part, against the Timberlakes as administrators, recognized and declared to be debts against the Timberlakes as partners and participation by them in the partnership assets in the hands of Moody, the assignee for the benefit of partner creditors, enforced accordingly. To this end the bill alleges that the said Timberlakes are wholly insolvent, that they appropriated to and used in their said partnership business eight thouand ($8,000) dollars in money which belonged to and came to their hands as the administrators of the estate of said Henry Bunn, decesed ; that said Moody, as assignee, &c., has sold all the personal property belonging to said partnership, received the proceeds thereof, and has in hand, for the benefit of the creditors of said firm and for distribution to them, about eight thousand ($8.000) dollars; that the said assignee refuses to recognize complainants as creditors of said firm, "or to take legal proceedings to ascertain how much of said trust estate which he has in charge as assignee is indebted to complainants as creditors of said firm, and the creditors of said firm deny the right of complainants to share as creditors of said firm in the distribution of the funds in the hands of said assignee," and that no reason exists why he should not ascertain the claims of the partnership creditors severally, including complainants, and make a *pro rata* distribution of the trust fund in his hands. The prayer of the bill is appropriate to the relief sought upon these averments. We have stated the bill as amended, in which form the following, among others, assignments of demurrer were laid against it : "6th. The bill does not allege that the sureties on the bond of J. P. & J. S. Timberlake, as administrators of the estate of Henry Bunn, deceased, are insolvent. Wherefore the bill is without equity in not showing that the complainants are without an adequate remedy at law. 7th. The bill does not aver the insolvency of the sureties on the administrators' bond, wherefore the complainants are not entitled to share in the assignment of the firm of J. P. & J. S.

Timberlake.   8th.   The averments of the bill show that
the complainants are not partnership creditors, but their
demands are against the administrators individually.''
Various other grounds of demurrer were assigned, but
all the assignments except those we have quoted were
overruled.   Those were sustained, and from the decree
in that respect alone the present appeal is prosecuted.

The fact that a complainant has an adequate remedy
at law is defensive in its nature, and need not be nega-
tived in the bill.   If on the facts averred in the bill, it
contains equity, unless the complainant has an adequate
legal remedy, and the bill is silent as to the existence of
such legal remedy, the defense based upon its existence
is matter for answer or plea : it can be made by demurrer
only when the bill affirmatively discloses the fact.   The
bill here does not disclose that the complainants have a
remedy at law against solvent sureties of these adminis-
trators, and we might well rest our conclusion that the
chancellor erred in sustaining the 6th and 7th assign-
ments of demurrer on this consideration.

But that conclusion is even clearer upon another con-
sideration.   It is not and can not be a defense to one
man who is impleaded on equitable grounds by bill in
chancery, that the complainant has a remedy on the same
cause of action again another man in a law court.   If,
in other words, a complainant has a cause of action
against A. B. which is in and of itself as against A. B.
of equity cognizance, it is entirely immaterial that he
might fully redress the same grievance by an action at
law against C. D.   This proposition is so obviously
sound, as an illustration of the very general principle
that a sole defendant can not avail himself of defenses
with which he does not connect himself, but which are
good only to some person not sued, that we deem it un-
necessary to further discuss it or to cite authorities in
support of it.

The 8th assignment of demurrer is equally untenable.
The debts due the complainants were due from both and
each of the Timberlakes individually.   They and they
only were members of the partnership which has as-
signed its assets for the benefit of the firm creditors.
The bill avers that these men, having funds in their
hands, as administrators of the estate of Henry Bunn,
amounting to eight thousand ($8,000) dollars, converted

and appropriated the same to the uses of the partnership. This was a trust fund, and this conversion of it to the uses of the partnership by the trustees, who were also the partners, clearly made the partnership a debtor to the *cestui que trust*. The fund was held by them jointly, and by them jointly appropriated to the partnership.—Bates on Law of Partnership, § § 481, *et seq;* *Palmer & Co. v. Scott & Co.*, 68 Ala. 380 ; 17 Am. & Eng. Encyc. of Law, pp. 1071–2, notes ; *Whitaker v. Brown*, 16 Wend. 505 ; *In re Jordan*, 2 Fed. Rep. 319 ; *Martin v. Moulton*, 8 N. H. 504. The decree sustaining the demurrers must therefore be reversed. A decree overruling them will be here entered.

Reversed and rendered.