# Rice *et al. v.* Eiseman Bros. & Co. *et al.*

Bill in Equity to subject Property Fraudulently conveyed to Payment of Debts.

1. *Fraudulent conveyance; bill in equity to subject property fraudulently conveyed need not aver insolvency of debtor.*—A bill in equity filed under the statute, which gives creditors a right to maintain a bill to subject to the payment of their debts any property which has been fraudulently transferred or conveyed by their debtor (Code of 1896, § 818), need not aver that the debtor is insolvent.

2. *Same; bill to subject to payment of debts property fraudulently conveyed in a bill of discovery.*—A bill filed under the statute (Code of 1896, § 818), to subject to the payment of the debts of the complainants property that has been fraudulently conveyed and attempted to be placed beyond the reach of complainants, is not a bill for discovery.

3. *Same; sufficiency of averments in bill, to subject property fraudulently conveyed to payment of debts.*—A bill filed by creditors to subject a certain stock of goods to the payment of their debts, which avers that the debtor while indebted to the complainants, made a deed of assignment, and that at the auction sale by the assignee of the stock of goods so assigned, the assignor's clerk bought said goods ostensibly in his own name, but that the assignor was the real purchaser, and was, at the time of the filing of the bill, in possession of said goods, although apparently acting as clerk of the ostensible purchaser, contains equity; and upon proof of such facts, the complainants are entitled to have such goods subjected to the payment of their debts.

4. *Same; same; sufficiency of prayer.*—The prayer in such a bill that said stock and business operated and managed in the name of the ostensible purchaser be declared equitably liable to the satisfaction of complainant's claim against their debtor, followed by a prayer for general relief, is sufficient.

5. *Equity pleading; effect of general prayer.*—Under a general prayer for relief, with or without the special prayer, a court of equity will award such relief as complainant may be entitled to under the averments of his bill and the evidence in the case.

APPEAL from the City Court of Montgomery, in Equity.

Heard before the Hon. A. D. SAYRE.

The bill in this case was filed on February 7, 1898, by the appellees, Eiseman Bros. & Co., a partnership, and the Wertheimer-Swartz Shoe Company, a corporation, against Sam Rice and Sam Trum.

It was averred in the bill that the complainants, Eiseman Bros. & Co., on June 6, 1896, obtained a judgment at law against the respondent Rice for an amount due on account for goods sold and delivered by them to said Rice; that on this judgment execution had been issued and returned no property found. It was then averred that the respondent Rice was indebted to the complainant, the Wertheimer-Swartz Shoe Company, for goods sold and delivered by it to said respondent, which sum was due and unpaid. The 4th and 5th paragraphs of said bill were as follows: "4th. That said respondent Rice was engaged in a general mercantile business in the city of Montgomery, Alabama, up to about December 24, 1894; that while he was engaged in said business he became indebted to orators for goods sold and delivered him for the amounts and in the manner set forth in paragraphs 2 and 3 above; that on, to-wit, December 24, 1894, said respondent Rice made a general assignment for the benefit of his creditors to one Nathan Gerson, as trustee; that said assigned business yielded, upon administration 14 per cent. net dividend which was paid to creditors; that said Gerson as trustee disposed of the stock and other assets so assigned to him in bulk at auction to the highest cash bidder; that at said sale one Sam Trum be-

came the ostensible purchaser thereof for an amount to your orators unknown.

"5th. That the said Trum was a clerk in the employ of said Rice before and up to the time of said assignment; that said Trum is a brother-in-law of said Rice; and orators are informed and believe, and upon such information and belief charge and aver, that the said Sam Trum was without visible means and that he bought said stock at said assignment sale in his own name and ostensibly with his own money and for his own benefit, but that in fact said Rice was the real purchaser of said assigned stock and the sole beneficiary of said purchase operating in the name of said Sam Trum; that under the name of Sam Trum the said Rice has been and still is, in fact, operating said purchased business for his own benefit; that said Rice is apparently and ostensibly a clerk or employé of said Trum, but is in reality the true and *bona fide* owner of said business."

The bill then avers, "that in the manner and by the means above set forth and described, the said Sam Rice is withholding from the satisfaction of orators' claims assets that ought in good conscience to be subjected to the payment of said debts, but that orators are unable to legally condemn said assets and property to their claims."

The prayer of the bill was as follows: "Orators further pray that your honor will decree that said stock and business operated and managed in the name of Sam Trum, as aforesaid, be declared equitably liable to the satisfaction of orators' claims against said Sam Rice; orators further pray for such other and different relief as may to your honor seem just and equitable."

The respondents moved to dismiss the bill for the want of equity, and also demurred to the bill upon the following grounds: 1. Said bill does not aver, or otherwise show, that said Sam Rice has no other property than that which, it avers, is in the name of said Sam Trum. 2. Said bill shows that the complainants have a complete and adequate remedy at law. 3. That the said bill is in the nature of a bill for discovery, and is not sworn to. 4. Said bill fails to aver that said goods were bought

with money belonging to said Rice. 5. That the prayer of said bill fails to ask for any definite or certain relief. 6. That the prayer of said bill fails to ask for any definite or certain relief against any specific property. 7. That the said prayer fails to ask for a receiver, or request the court to condemn said goods in any manner known to equity. 8. There is no equity in the bill.

On the submission of the cause on the motions and the demurrers, there was a decree rendered overruling each of them, and from this decree the defendants appeal and assign the rendition thereof as error.

GRAHAM & STEINER, for appellant.—It is necessary, in order to sustain the bill, that it contain an averment that Sam Rice, at the time of the filing of the bill, was without visible means subject to legal process, of value sufficient to pay the demands sued for.—*Lawson v. Warren,* 89 Ala. 584; *Sweetzer v. Buchanan,* 94 Ala. 574; *Williams v. Stoutz,* 92 Ala. 516; *Sharp v. Sharp,* 76 Ala. 312; *Jenkins v. Lockard,* 66 Ala. 377; *Battle v. Reid,* 68 Ala. 149; 3 Brick. Dig. 340, § 136.

The bill in this case is, presumably, a bill for discovery, filed under Article 14 of Chapter 16 of the Code, and is not sworn to. If such is the case, and we can conceive of no other authority, statutory or otherwise, for it, the court below should have sustained the 7th ground of demurrer.—3 Pomeroy's Eq. Juris., § 1415; 2 Daniels Chan. Pl. & Pr. (6th Am. ed.), 1540; 1 Daniels Chan. Pl. & Pr. (6th Am. ed.), 395; *Lawson v. Warren,* 89 Ala. 584.

The prayer contained in the bill is insufficient.—*Shelby v. Tardy,* 84 Ala. 327; *Kirksey v. Means,* 42 Ala. 426.

C. P. DEYAMPERT, *contra.*—A creditor has the right to pursue specific property of a debtor that has been covinously or fraudulently disposed of or withheld without alleging or proving insolvency of debtor.—*Dickson v. McLarney,* 97 Ala. 389; *Carter v. Coleman,* 82 Ala. 181; *Carter v. O'Bryan,* 105 Ala. 305; *Beall v. Lehman,* 110 Ala. 446.

[Rice *et al.* v. Eiseman Bros. & Co. *et al.*]

A simple judgment creditor with or without a lien or a judgment creditor with an execution returned no property found, and a contract creditor without a lien may invoke the equity remedy in the first instance. *Wooten v. Steele,* 109 Ala. 563; *Carter v. Coleman,* 82 Ala. 181. The prayer of the bill was sufficient.—*Driver v. Fortner,* 5 Port. 26.

The motion to dismiss the bill for the want of equity was properly overruled.—*Seals v. Robinson,* 75 Ala. 363; *Bank v. Kennedy,* 91 Ala. 470.

HARALSON, J.—1. Section 818 (3544) of the Code enlarges the original jurisdiction of courts of equity, so that a creditor at large without a lien, may file a bill in chancery to discover or to subject to the payment of his debt any property which has been fraudulently transferred or conveyed by his debtor. It extends the jurisdiction, as we have held, to all classes of transfers or conveyances which offend the rights of creditors, whether with or without a lien, or with or without a judgment, notwithstanding there may exist legal remedies to recover the debt, and though the debtor may own other property sufficient to pay his debts. It is unnecessary, therefore, in such a bill to aver that the debtor is insolvent.—*Carter v. Coleman,* 82 Ala. 177; *Dickson v. McLarney,* 97 Ala. 383, 389; *Lehman v. Meyer,* 67 Ala. 396; *Wooten v. Steele,* 109 Ala. 563.

2. The bill in this case filed under said section 818 (3544) of the Code, has none of the features of a bill of discovery, such as defendants attribute to it, but protesting it to be insufficient as such. It proceeds upon the other provision of the statute, to subject to the payment of the demands of complainants, property that has been fraudulently conveyed and attempted to be placed and covered by such transfer, beyond the reach of complainants. They are alleged to be, each, creditors of defendant, Rice, for goods sold and delivered to him; one of them having reduced his claim against said defendant to judgment in the circuit court, the date and amount of which is stated, and the claim of the other is alleged to be by open account, also for goods and merchandise sold,

and in a sum stated, due and payable on the 1st of March, 1895, which claims are alleged to remain due and unpaid.

If the facts averred in the 4th and 5th paragraphs of the bill are true, the goods and merchandise sought to be condemned for the payment of complainants' demands, belong to the defendant, Rice, although the legal title to them is in the name of defendant, Trum, who holds them for the use and benefit of defendant, Rice. These averments make Trum a fraudulent assignee of the goods from Gerson,—the trustee in the deed of assignment to him from Rice,—the money with which the goods were purchased by Trum from Gerson having been furnished by the debtor, Rice. It is not permissible for him, through the instrumentality of Trum, to hold these goods, for which he paid the money, and thus cover them from the reach of his creditors. The purchase and transfer, if true as alleged, is a mere device to defraud Rice's creditors. Equity looks through and unveils such an alleged device and manipulation of them for Rice's benefit, and will pursue them for the payment of his creditors. *Moog v. Farley*, 79 Ala. 246; *First National Bank v. Kennedy*, 91 Ala. 470.

3. The prayer is altogether sufficient for the purposes in hand. It is specially for a decree, "that said stock and business operated and managed in the name of Sam Trum, as aforesaid, be declared equitably liable to the satisfaction of orators' claims against said Sam Rice," followed by a prayer for general relief.

When there is a prayer for specific relief, chancery will not go further than its general terms require; but under a general prayer for relief, with or without a special prayer, the court will award such relief as may be made out or is consistent with the case.—*Driver v. Fortner*, 5 Port. 10; Story Eq. Pl. § § 40-42.

There was no error in overruling the motion to dismiss for want of equity, nor in overruling the demurrer to the bill.

Affirmed.