# Lacey, *et al. v.* Cowan, Trustee.

## *Bill to Subject Property to Debts.*

(Decided June 10, 1909.—50 South 281.)

1. *Partnership; Individual Creditors; Right to Partnership Funds.*—The creditors of one member of a partnership are not entitled to reach or exhaust the funds of the partnership or of the other partners.

2. *Bankruptcy; Partnership.*—In proceeding to declare one member of a firm bankrupt a bankrupt court cannot, declare the partnership or the other member a bankrupt; a partnership is a legal entity which may be adjudged a bankrupt in either involuntary or voluntary proceedings irrespective of any adjudications as to the individual members of the firm.

3. *Same; Proceedings Against Partners; Partnership Property.*—Where one or more partners are adjudged bankrupt, the partnership property cannot be administered in such proceedings without the consent of the other partner not adjudged a bankrupt.

4. *Same.*—The proceeds of property of a bankrupt partnership should be appropriated to the payment of partnership debts, and if the partners are adjudged bankrupt individually, the proceeds of their individual estate should be appropriated to the payment of their individual debts, and if any surplus remains, it may be appropriated to the partnership debt; if a surplus remains in the partnership case, it may be appropriated to individual debts.

5. *Same; Assets of Firm.*—So long as a partnership remains unsettled a trustee in bankruptcy of the estate of one of the partners cannot maintain an action to subject the funds of the partnership.

6. *Partnership; Application of Funds; Creditors.*—Creditors of a partnership are entitled to the assets of the firm before any part of them can be applied to the claims of the individual partners or their creditors.

APPEAL from Jefferson Chancery Court.

Heard before Hon. A. H. BENNERS.

[Lacey, et al. v. Cowan, Trustee.]

Bill by A. S. Cowan as trustee in bankruptcy of the estate of Steve Lacey against Ollie V. Lacey and others to subject certain property to the claims of the creditors of the bankrupt. There was a decree for complainant and certain respondents appeal. Reversed and rendered.

PINKNEY SCOTT, for appellant. The trustee of an individual member of a firm has no authority to demand or interfere with the firm property except with the consent of the other partner.—*In re Mercur,* 116 Fed. 656; s. c. 122 Fed. 387; *Amsick v. Bean,* 22 Wall. 395. The bill was multifarious.—*Truss v. Miller,* 116 Ala. 505. The deposit would not as much, show prima facie that the money did belong to Steve Lacey.—*Bessemer Sav. Bank v. Anderson,* 134 Ala. 343.

TROTTER & ODELL, and THOMPSON & THOMPSON, for appellee. The 1st and 2nd assignments of error are too general to be considered.—*Ferrall v. Opelika,* 144 Ala. 136; *Reynolds, et al. v. Lawrence,* 40 South. 576. Counsel discuss the other assignments of error, but without further citation of authority.

MAYFIELD, J.—This was a bill filed by the appellee, as trustee in bankruptcy of the estate of Steve Lacey, which was filed against the appellant, together with Robert Lacey, son of appellant bankrupt, and George Massey, son-in-law of appellant bankrupt, and the Bessemer Trust & Banking Company. Complainant averred that Steve Lacey was adjudicated a bankrupt on the 12th day of February, 1907; that appellee was appointed a trustee of his estate; that on and before June 1, 1906, bankrupt Steve Lacey and George Massey were engaged in the mercantile business, as partners, under the firm

[Lacey, et al. v. Cowan, Trustee.]

name of Lacey & Massey; that the partnership incurred a great number of debts, and that on the 1st day of June, 1906, the partnership sold their business to one W. S. Harrison for $1,200 cash; that this was all of the partnership property; that the proceeds of the sale were turned over by the partners to appellant Ollie V. Lacey, wife and mother-in-law, respectively, of the partners, leaving the debts of the firm unpaid; that both of the partners were insolvent, and that the creditors of the partnership, at the time the sale took place, were also creditors, which Lacey, in his petition of bankruptcy, listed as his individual creditors; that the money turned over by the partners to Mrs. Lacey was deposited by her in the Bessemer Trust & Banking Company; and that this was done by the partnership with the intent to defraud the creditors. The bill also alleged that certain lots were sold by Steve Lacey and his wife to their son Robert Lacey, and that these sales were made with the intent to defraud the crediors of Lacey. The respondent moved to dismiss the bill for want of equity, and demurred to it, which motion and demurrer were overruled. Whereupon the respondent filed answers specifically denying the facts necessary to give equity to the bill.

The case was submitted for hearing upon the pleadings and proof, and upon hearing the chancellor dismissed the bill as to all the respondents save Mrs. Lacey and the bank, and as to all the property except that alleged to have been the proceeds of the sale of the partnership business and delivered to Mrs. Lacey by the owners, and by her deposited with the bank. As to this sale, and the payment of the money to Mrs. Lacey, and the deposit of it by her with the bank, it was decreed by the chancellor to have been fraudulent as to the creditors, and made with the purpose of defrauding the creditors, of Lacey & Massey, of which firm Lacey was a partner, who

[Lacey, et al. v. Cowan, Trustee.]

were listed in the petition in bankruptcy filed by the respondent Steve Lacey; that the trustee have and recover of the respondent, Ollie V. Lacey the sum of $1,000, for which execution might issue; and that for the payment of that sum the Bessemer Trust & Banking Company should be liable in the event that Ollie V. Lacey failed to pay same within 30 days after the enrollment of this decree. From this decree Mrs. Ollie V. Lacey and the bank appeals, here separately assigning errors.

We are of the opinion that in this decree the chancellor was in error. The bill was clearly without equity, in so far as it sought to reach the funds of the partnership, or the proceeds of the fraudulent sale by the partnership, by the trustee in bankruptcy of one of the partners only; and as the bill was dismissed as to the sale of the lots which were owned by the bankrupt alone, and relief was granted only as to the proceeds of the sale of the partnership property, it cannot be supported for any purpose. Partnerships, in courts of law or in courts of equity, are entities separate and distinct from that of the individuals who compose it, as much as the individuals themselves are separate and distinct persons. While it is true that the creditors of the partnership are, in a sense and for some purposes, likewise creditors of each of the partners, and while the proceeds of the partnership may, under certain conditions and for certain purposes, be subjected to the payment of debts due the creditors of the individual partners, yet, it is unheard of to allow one partner, or the creditors of one partner, to exhaust the funds of the partnership to the payment of the creditors of such individual partner. Neither the partner nor his creditors, individually or collectively, have such right, and certainly the trustee in bankruptcy can have no greater right than had the bankrupt or his creditors combined.

[Lacey, et al. v. Cowan, Trustee.]

It is true—as argued by counsel for appellee, and as alleged in the bill and recited in the decree—that the creditors of the partnership were the creditors of the bankrupt, and that they were listed in the petition of the bankrupt filed by him in the bankruptcy court, and that, as a matter of law, the creditors of the partnership were also the creditors of Lacey; but it does not follow that the creditors he returned as his creditors are all the creditors of the partnership. Neither he nor the bankrupt court could bind the other partner or the partnership creditors by any of the recitals in his petition, or by any decree or judgment which the court could render. Had the complainant in this cause been the trustee of the partnership, he could have maintained this bill, and would have been entitled to the relief awarded, and would probably have been, had he been the trustee in bankruptcy of both partners, though as to this we do not decide. The bankrupt court, in proceedings to declare one partner a bankrupt, cannot declare the partnership or the other partner a bankrupt. Such court in such proceeding cannot judicially determine the solvency or insolvency of the other partner; neither can the chancery court, in a proceeding like this, determine that question, because it is one that cannot properly be made an issue. Consequently, granting that the sale in question by the partnership was fraudulent, and that the payment to Mrs. Lacey was voluntary and gratuitous, and in fraud of the creditors of the partnership, she cannot be made liable in a suit by the trustee of one of the partners. It should only be reached first by the creditors of the partnership.

The chancery court would be without jurisdiction in this case to determine who are the creditors of the partnership, or what their rights are, or what the rights of the other partners are, in the premises. Suppose there

[Lacey, et al. v. Cowan, Trustee.]

should be other creditors of the partnership than the ones listed by the bankrupt. Could it be allowed to have the entire assets of the partnership applied to the debts of the one partner and the costs of this suit, to the exclusion of the other creditors of the partnership not listed by him? We repeat, it is very probable, from the allegations and proof in this bill, that the creditors he listed were all the creditors of the partnership; but the bankrupt court, the chancery court, nor this court, could not act upon such belief or showing, because without jurisdiction to determine the fact. The partnership is a legal entity, which may be adjudged a bankrupt in either voluntary or involuntary proceedings, and this irrespective of any adjudication of any of the individual members of the firm as bankrupts, and in any event, where one or more of the partners, not including all, are adjudged bankrupt, the partnership property cannot be administered in bankruptcy, unless by the consent of the partner or partners not adjudged bankrupt; but such partners or partner not adjudged bankrupt must settle the partnership business as expeditiously as its nature will permit. The proceeds of the partnership adjudged a bankrupt should be appropriated to the payment of the partnership debts; and, if the partners are adjudged bankrupts, the proceeds of the individual estate of each should be appropriated first to the payment of his individual debts. If any surplus remains in the one case it may be appropriated to the payment of the individual's debt; and if in the other case a surplus remains, it may be appropriated to the payment of the partnership debts.—5 Cyc. p. 411 et sec.

The rule is well settled, especially in courts of equity, that the assets of a partnership must be first applied to the payment of the partnership creditors before anything can be applied to the claims of the individual partners

thereof or their creditors. This does not result from any lien which the creditors have upon the assets, because they as such have no lien; but it results from the lien which each partner has to have the assets of the partnership applied first to the payment of the firm's debts, and then to the payment of whatever may be due to him from the other partners or partnership accounts. The partnership creditors are practically subrogated to the partners' lien upon the partnership property, and their rights to priority depend upon these.—*Evans v. Winston*, 74 Ala. 349; *Mayor v. Clark*, 40 Ala. 259; *Bunn v. Timberlake*, 104 Ala. 263, 16 South. 97; *Lucas v. Atwood*, 2 Stew. 378.

This is not a bill for the settlement of the partnership and the subjection of the partners' interest after settlement. We think the law is well settled (if not, it should be) that the trustee in bankruptcy of the estate of one partner cannot maintain an action to subject the funds of the partnership to the rights, claims, or demand of such trustee, so long as the partnership remains unsettled. The assets in such case are partnership assets, and the trustee in such case is only entitled to recover, or to subject the assets of the individual or partner whose estate the trustee represents.—*In re Sanderlin* (D. C.) 109 Fed. 857. See, also, *In re Mercur*, 116 Fed. 656; Id., 122 Fed. 387, 58 C. C. A. 472; *Amsinck v. Bean*, 22 Wall. 395, 22 L. Ed. 801.

It therefore follows that the decree of the chancellor must be reversed; and this court will proceed to render the decree which the chancellor should have rendered, which was to dismiss the bill without prejudice.

Reversed and rendered.

DOWDELL, C. J., and SIMPSON and DENSON, JJ., concur.