(121 So. 402)

**JOHNSON DRY GOODS CO. et al. v. DRAKE et al.  (6 Div. 202.)**

Supreme Court of Alabama.  March 28, 1929.

J. D. Acuff, of Jasper, for appellants.

Davis, Curtis & Hunter, of Jasper, for appellees.

BROWN, J. (after stating the facts as above). The provisions of subdivision (a) of section 11 of the Act of Congress providing for a uniform system of bankruptcy (11 USCA § 29(a) for a stay of proceeding in suits pending against the bankrupt on claims dischargeable in bankruptcy is primarily for the benefit of the bankrupt, that he may avoid being harassed in both courts at the same time with regard to the same debt—a right which he may waive. Boynton v. Ball, 121 U. S. 457, 7 S. Ct. 981, 30 L. Ed. 985; Craig v. Cameron, 27 Ga. App. 455, 108 S. E. 828; Culver on Bankruptcy (1923) 399.

There is no statute or rule of procedure, however, that authorizes the court in which such action is pending to eliminate the bankrupt as a party, or to ignore the rights of his adversary, on the motion or suggestion of the trustee in bankruptcy who declines to intervene and defend for the bankrupt.

Section 7342 of the Code of 1923, under which the bill is filed, extends to simple contract creditors without a lien, a remedy in equity to avoid all classes of transfers of property made by the debtor to hinder, delay, or defraud creditors, but fraud is the basic fact that gives the court jurisdiction, and, in the absence of fraud, creditors are left to their remedy at law. Morris & Co. et al. v. Barton & Allen et al., 180 Ala. 98, 60 So. 172; Rice et al. v. Eiseman Bros. & Co. et al., 122 Ala. 343, 25 So. 214.

The complainants failed to prove the averments of fraud upon which the equity of the bill was rested, and the decree dismissing the bill must be affirmed. Morris & Co. et al. v. Barton & Allen et al., supra.

There can be no doubt that Oscar Drake as administrator was without authority, as a matter of law, to involve the estate of his decedent in the conduct of the mercantile business, and that the liabilities resulting therefrom were his personal obligations. Foxworth v. White, 72 Ala. 224; 3 A. L. R. 1610, and note. Whether the proceeds of the sale became assets of the estate under the circumstances is a question with which we are not now concerned.

Affirmed.

ANDERSON, C. J., and SAYRE and THOMAS, JJ., concur.