24 So.2d 759

### CARTER v. CARTER et al.

8 Div. 301.

Supreme Court of Alabama.

Nov. 23, 1945.

Rehearing Denied Jan. 31, 1946.

P. W. Shumate, of Guntersville, for appellant.

Claud D. Scruggs and Marion F. Lusk, both of Guntersville, for appellees.

FOSTER, Justice.

This is an appeal from a decree on final settlement and liquidation of a partnership known as Carter Hardware Company. One of the partners filed a bill in equity for the dissolution and liquidation of the partnership. The partners were alleged to be the complainant John H. Carter, Jr., and Mrs. Cora Carter, as the executrix of the last will and testament of John H. Carter, Sr. She as such executrix was made party respondent along with Carter Hardware Company. It is alleged that she as such executrix owned a two-thirds interest, and that complainant owned a one-third interest. That Cora Carter individually was not a member of the firm, and had no interest individually in it. She answered the bill both as executrix and also individually;

and in it claimed a stated sum due her individually as rent for the storehouse evidenced by a note of the partnership, and for another sum due her for borrowed money also evidenced by note. She admitted the allegations of the bill of complaint. A receiver was appointed. Much of the record has been omitted by agreement as not being material to the issues submitted on this appeal.

Many creditors filed petitions setting up their claim and asserting that Mrs. Cora Carter individually was a partner and sought a personal decree against her individually as such partner.

John H. Carter, Jr., and Cora Carter, individually, in substance joined issue on the contention that Cora Carter was a member of the partnership, and joined in the prayer that the court adjudge the right of the claimants to hold Cora Carter liable for them.

By agreement there was a reference to the register to ascertain and report the name and amount of claims due by the partnership, and whether Cora Carter individually or as executrix of the will of John H. Carter, Sr., was indebted to them as a member of the partnership, and the amount due by her and by John H. Carter, Jr. The register held the reference under the agreed decree and made report so far as here material that Mrs. Cora Carter as executrix, and not individually, was a member of the partnership, and liable as such to the creditors of the partnership, along with John H. Carter, Jr., and that the claim of Mrs. Cora Carter individually on the note for rents is not a preferred claim. She excepted to that part of the report. The creditors excepted to that part of the report determining that she is not liable individually as a partner.

On hearing those exceptions, the court held and decreed that Mrs. Carter was liable individually to the creditors, and proceeded to render a personal decree against her and against John H. Carter, Jr., in favor of each of the creditors, and further decreed that the claim of Mrs. Carter for rent cannot be allowed. The receiver was directed to pay to the register the net amount in his hands after certain allowances, to be applied on the several personal judgments so rendered. It was not attempted to state the account between Mrs. Carter and John H. Carter, Jr., to determine whether on such accounting either would owe the other any sum.

The only questions submitted on this appeal are (1) whether Mrs. Carter individually is liable to the creditors, and (2) whether there was error in disallowing her claim for rent. We will not consider the question of whether the pleadings properly present those questions. The parties have argued them as properly presented, and we will so assume. The facts which are controlling do not seem to be disputed and the questions are resolved to a legal issue.

Eliminating unnecessary detail, we begin the history of the Carter Hardware Company when it was composed of John H. Carter., Sr., S. M. Carter and John H. Carter, Jr. John H. Carter, Sr., died, leaving a will naming Mrs. Cora Carter executrix and sole legatee. They gave notice to all creditors and publicly that the debts would be paid by Carter Hardware Company, and the business continued in that name, with John H. Carter, Jr., S. M. Carter and Cora Carter as executrix of the estate of John H. Carter, Sr., as the partners. It was so conducted for several years when Cora Carter as such executrix bought the interest of S. M. Carter, and he conveyed it to her as executrix, and the business was continued in the same name with John H. Carter, Jr., and Cora Carter as executrix of John H. Carter, Sr., as the sole partners, and notice of that status was published and given to all creditors of the partnership. It so continued until dissolved by this proceeding. All the debts now existing were created after the last named partnership was formed, except the debts of Barnard and Shelley, which were created while John H. Carter, Sr., was alive and a member of the partnership.

■ The will of John H. Carter, Sr., made no provision for a continuation of the partnership, of which he was a member, and there is no showing that the articles of co-partnership had any stipulation in respect to its continuance after the death of one of its members, and there was no court proceeding attempting to authorize the executrix, as such, to continue as a member of the partnership. Griffin v. Bland, 43 Ala. 542; Pearce v. Pearce, 199 Ala. 491 (17), 74 So. 952; 33 Corpus Juris Secundum, Executors and Administrators, § 197, p. 1179.

Under those circumstances, she had no right to make the estate as administered by her a member of the partnership, and having attempted to do so all liability resulting therefrom was hers personally, and the estate did not become liable on that account. Johnson Dry Goods Co. v. Drake, 219 Ala. 140, 121 So. 402; Ex parte Holzer, 219 Ala. 431, 434 (5), 122 So. 421; Foxworth v. White, 72 Ala. 224.

This situation has none of the incidents which justified us in holding that the executor was not liable on a note, in the case of Foster v. Featherston, 230 Ala. 268, 160 So. 689.

In the instant case we do not have a situation where, as in that case, the executor undertakes to bind the estate by executing as its obligation a note under circumstances when the payee in that note knows or is bound to know that the obligation does not and cannot bind the estate. We held in that case that if the obligee of the note knows that the executor cannot bind the estate, and the note itself purports to be the obligation of the estate only, he is not deceived by the executor into accepting an instrument which he supposes to be binding as it is written, when it is not. Under those circumstances, he has no one to blame but himself.

■■ It is perfectly clear upon the principle of the authorities cited above that Mrs. Cora Carter is personally liable for the debts of the Carter Hardware Company, contracted after she undertook to make the estate a member of the partnership; but there were a few of the claims which arose and came into existence, as we have stated, while John H. Carter, Sr., was alive and a member of the partnership. His estate was liable for them. The partnership thereafter formed purporting to embrace Mrs. Carter as executrix expressly undertook to assume and pay all the indebtedness of the partnership which had accrued during the life of John H. Carter, Sr. While the estate of John H. Carter, Sr., could not have been made a member of that partnership, the effort to do so and thereby to make the estate liable as a partner made no change in the status of the estate in respect to its indebtedness to those creditors. But the question now is not one of fixing a liability on the estate in favor of the creditor. There is no effort here to do so. But the question is whether Mrs. Cora Carter individually is liable assuming that the estate is also. The estate did not become liable as a member of the new partnership. Her effort so to make it such had the effect of making Mrs. Cora Carter individually

liable for all the obligations of the new partnership made after she attempted to make the estate a partner. That included the debts contracted by the old partnership dissolved by the death of John H. Carter, Sr., and which were assumed by the partnership created after his death. So that Mrs. Cora Carter individually became personally liable for all the debts contracted by the new partnership, including those for which John H. Carter, Sr., and his estate were also liable. But it is the duty of the estate to reimburse her for whatever amount she may be required to pay on that account. Foxworth v. White, supra.

We think it advisable to call attention to the unusual procedure followed here by agreement. In such a suit the orderly procedure is first to ascertain the amount of the claim of each creditor of the partnership (other than that of the partners), and order the partnership assets ratably distributed among them, observing such priorities as are found to exist, and not to render a personal judgment against the partners in favor of the creditors until it is ascertained that there is a balance remaining unpaid. 47 Corpus Juris 1261, note 65; Rule 119½, Equity Rule, Chancery Practice, Code 1940, Tit. 7 Appendix; see, 240 Ala. XVI; section 6652, Code of 1923; see, also, Flagg v. Florence Discount Co., 228 Ala. 153, 153 So. 177 (7, 8 and 9); Hastings v. Alabama State Land Co., 124 Ala. 608, 26 So. 881.

The second contention made by the appellant, as shown above, is her claim for the rent of the storehouse as a liability of the partnership to her. For this she exhibited notes by the partnership to her, and this established a claim in her favor against the partnership, although she was a member of it; but that claim could not be enforced in priority to the claims of other creditors of the partnership then in liquidation. 47 Corpus Juris, p. 921, § 413, p. 1169, § 859; Lacey v. Cowan, 162 Ala. 546, 50 So. 281; 40 Am. Jur. 410, section 409. It could not give her a lien on the assets as a landlord, which would take precedence over the claims of the general creditors. Any amount due by the partnership to a partner would be left out of consideration in settling with the creditors of the partnership, and since the assets of this partnership were not sufficient to pay all of those debts it was properly disallowed as a claim against those assets.

The only place where such a claim could be allowed would be in the settlement between her and John H. Carter, Jr., respecting their personal relations with the partnership. Garrett v. Robinson, 80 Ala. 192; 47 Corpus Juris 1260, § 989, p. 1265, § 998; Glover v. Hembree, 82 Ala. 324, 8 So. 251.

In order to have the benefit of such claim it would be necessary to have a court of equity state an account between the partners in respect to their individual relations toward the partnership (Garrett v. Robinson, supra), and that was not attempted to be done in this case, and the appellant is not so insisting, but is insisting that it should be allowed as a claim against the assets of the partnership, but she had no such status until the debts to those who are not partners had been satisfied out of such assets.

The decree of the lower court is consistent with these views, and it is therefore affirmed.

Affirmed.

GARDNER, C. J., and THOMAS and LAWSON, JJ., concur.

### On Rehearing.

FOSTER, Justice.

It is insisted that ten percent damages should be awarded upon affirmance of the several personal decrees on this appeal under section 814, Title 7, Code.

We held in Dent v. Foy, 210 Ala. 160, 97 So. 627, in a partition suit resulting in a sale of the property and an order for its distribution and the payment of a sum fixed for an attorney's fee, that said statute did not apply to the affirmance of the decree in so far as concerned the attorney's fee although it was for the payment of money, and a supersedeas appeal bond had been made.

In the instant case, as we have pointed out, the rendition of a personal judgment before a distribution to the creditors of the sum in the custody of the court was not the usual and orderly procedure, but in view of the agreement of the parties looking to such procedure, we would not cancel or reverse the judgments on that account. A personal judgment should not have been rendered except by an agreed procedure until after a distribution, when on motion a deficiency judgment could be rendered. In such a suit the court should,

414

in the ordinary course, order payment to the creditors of the sum held in court for that purpose before rendering a personal judgment. The creditors were entitled to such distribution regardless of whether Mrs. Carter was personally liable.

■ We think section 814, Title 7, Code, was not intended to apply to a situation where the appropriate decree is for the distribution of a fund in court, as in Dent v. Foy, supra. In the instant case also that was the appropriate decree.

■ The fact that by consent of the parties the issue was broadened so that it was not only a decree for the distribution of a fund but also a personal one, the penalty should not have application to the amount so ordered to be distributed. We have no way of knowing the amount of the deficiency which Mrs. Carter must personally pay. So that we cannot give effect to the statute in respect to a decree in such a situation.

The application for rehearing is overruled.

GARDNER, C. J., and LAWSON and STAKELY, JJ., concur.