271 So.2d 846

**Louise S. COLE**

v.

**Richard Hail BROWN et al.**

**SC 8–A.**

Supreme Court of Alabama.

Nov. 16, 1972.

Earl W. Hall, Birmingham, for appellant.

William M. Acker, Jr., and Ferris S. Ritchey, Jr., Birmingham, for appellee Joseph A. Bateh.

MERRILL, Justice.

Appellant, Louise S. Cole, appealed from the final decree in Bateh v. Brown, S.C. 8, 289 Ala. 699, 271 So.2d 833, this day decided.

Mrs. Cole worked for B-D Development Company many years before the partners, Bateh and Brown, had their "falling out." On or about May 1, 1970, Mrs. Cole's employment was terminated. After two other creditors of the partnership had filed claims, Mrs. Cole filed her sworn claim against the partnership claiming unpaid back compensation, vacation pay and hospital insurance aggregating $2,094.00 and a pension of $150.00 per month for her lifetime, which she claims had been agreed to by the partnership.

This claim filed by Mrs. Cole was not a liquidated claim. It was filed on August 24, 1971, just seven days before the entering of the final decree in Bateh v. Brown, S.C. 8. Her claim was not mentioned in the decree. She filed an application for rehearing but her claim was still ignored.

B-D Development Compny has filed no brief nor has partner Brown filed one, but partner Bateh has. Bateh takes the position that he and the partnership would have thirty days to answer the claim under Equity Rule 17, but the final decree of August 31, 1971 did not mention the claim and the partners had no opportunity to contest the claim as Mrs. Cole had no opportunity to prove it.

In view of the fact that the cause is being remanded, Mrs. Cole's claim will still be filed, the partners and the partnership will have opportunity to contest the claim if they so choose. In the event Mrs. Cole does have a valid claim and is a creditor, her claim would have a priority over a claim of either partner since the debts to those who are not partners should first be satisfied out of the assets of the partnership. Carter v. Carter, 247 Ala. 409, 24 So.2d 759.

The decree in S.C. 8 having been reversed and the cause remanded, the proceedings in this cause are remanded for further consideration on the merits of the claim.

Reversed and remanded.

HEFLIN, C. J., and HARWOOD, MADDOX and SOMERVILLE, JJ., concur.