This is an appeal by two of seven defendants from the grant of summary judgment in favor of plaintiff in a suit on a promissory note. The appeal must be dismissed because summary judgment against fewer than all defendants where there are multiple defendants is not a final judgment and is not appealable unless the trial judge makes the determination and entry required by Rule 54 (b), ARCP.
Plaintiff, a general contractor, sought to recover $125,000 from seven defendants, makers of a promissory note executed to cover construction costs on an apartment complex. Defendants McKiever filed a cross-claim and a third-party claim based upon an indemnity agreement. The contractor moved for summary judgment. The court severed the McKievers' cross-claim *Page 265 
and third-party claim from the action on the note, and granted summary judgment against five of the seven defendants, including the McKievers. Summary judgment as to the two remaining defendants, the Guests, was denied because "these two defendants have petitioned the United States District Court * * * for a discharge of the indebtedness claimed by the plaintiff * * *." Only the McKievers appealed.
When there are multiple parties or multiple claims, any order which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not a final judgment. Appeal may be had "only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." Rule 54 (b), ARCP; Kelleyv. U.S.A. Oil Corp., 363 So.2d 758 (Ala. 1978); Chiniche v.Smith, 362 So.2d 853 (Ala. 1978).
Multiple claims are not involved here. Rule 54 (b) does not apply when claims are severed from the original action under Rule 21. Key v. Robert M. Duke Insurance Agency, 340 So.2d 781
(Ala. 1976).
However, there are multiple parties to the original claim. The rights and liabilities of the Guests, who are averred to have filed for bankruptcy, were not finally adjudicated by the trial court when it denied summary judgment as to them.
A denial of summary judgment is interlocutory and is not a final judgment. Whitehead v. Clix Photo Centers, Inc.,355 So.2d 327 (Ala. 1978).
The filing of a petition for bankruptcy by a defendant does not terminate an action in state court against him. A pending suit founded upon a claim for which discharge would be a release is automatically stayed until adjudication or dismissal of the bankruptcy petition. 11 U.S.C. § 29 (a) (1976); Bankruptcy Rule 401 (a), (b). The stay may be annulled as to claims not scheduled in time for proof and allowance. Bankruptcy Rule 401 (c). The stay may be vacated by the bankruptcy court upon application by the creditor. Bankruptcy Rule 401 (d). Moreover, the petition may be dismissed and the stay vacated if the petitioner has obtained a discharge in bankruptcy within the past six years. See generally 1A Collier on Bankruptcy ¶¶ 11.01-.08.
The stay does not operate as a dismissal of the action. 1A Collier on Bankruptcy ¶ 11.07, at 1167. There is no statute or rule authorizing dismissal of a pending claim simply because the defendant has filed for bankruptcy. Johnson Dry Goods Co.v. Drake, 219 Ala. 140, 121 So. 402 (1929). See Piel v. HarvardInteriors Manufacturing Co., 490 F.2d 1272 (8th Cir. 1974).
There is no indication of the progress or status of the bankruptcy petition. The stay may have been, or may soon be, dissolved or vacated and the contractor will be able to pursue his claim against the Guests. Since there has been no final disposition of the rights and liabilities of two of the defendants, the order granting summary judgment as to the other five is not a final judgment and, because there has been no entry and determination under Rule 54 (b), it is not appealable.
The appeal must be dismissed ex mero motu. Powell v. RepublicNational Life Insurance Co., 293 Ala. 101, 300 So.2d 359
(1974).
APPEAL DISMISSED.
TORBERT, C.J., and FAULKNER, ALMON and EMBRY, JJ., concur. *Page 266