BASKIN, Judge.
The issue in this appeal is whether the attorney who represented the wife in a dissolution proceeding is precluded from executing on her half interest in the marital home in the exclusive possession of the husband. We hold that the filing of a bankruptcy petition by the wife has stayed further proceedings. We therefore reverse the trial court’s order permitting the execution sale of the marital residence.
Pursuant to the terms of the Final Judgment of Dissolution, the parties became tenants in common of the marital home. The husband was granted exclusive possession. Shortly thereafter, the wife’s attorney filed a charging lien for his services against her interest in the marital home. Appellee filed a complaint for damages under the theory of account stated. Several months later, Mrs. Murders executed a warranty deed conveying her half interest in the marital home to the husband. Mr. Murders recorded the warranty deed two hours after appellee recorded his final summary judgment for damages. Although the wife had *974 filed a voluntary petition for bankruptcy, the trial court entered an order directing the sheriff to levy against her half interest in the home. The court granted a stay of the sale pending appeal upon the posting of a bond by the husband and permitted him to intervene in these proceedings. The husband has challenged the order granting the levy and sale.
The Bankruptcy Act, 11 U.S.C.A. § 362(a)(1, 2, 5) (1978) provides:
(a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title operates as a stay, applicable to all entities, of—
(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;
(2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title;
♦ % sfc sfc sfc *
(5) any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title[.]
Under the Bankruptcy Act, actions pending against a debtor are stayed although the state court retains jurisdiction. See Coleman American Cos. v. Littleton National Bank (In re Coleman American Cos.), 8 B.R. 384 (Bkrtcy.D.Kan.1981); McKiever v. King & Hatch, Inc., 366 So.2d 264 (Ala.1979).
Unlike the situation involved in the decision in Shop in the Grove, Ltd. v. Union Federal Savings & Loan Ass’n, 429 So.2d 39 (Fla. 3d DCA 1982), in which this court denied a stay where the appeal had been brought by the debtor, the appeal before us was advanced by the husband-intervenor and falls within the purview of section 362(a)(1). The creditor’s action against the wife, filed five months before she filed her bankruptcy petition, is subject to the automatic stay provided by section 362. The stay took effect upon the filing of the bankruptcy petition. United States v. Critical Fork Coal Corp. (In re Critical Fork Coal Corp.), 18 B.R. 422 (Bkrtcy.W.D.Va.1982); Cloud Nine, Ltd. v. Cloud Nine, Ltd. (In re Cloud Nine, Ltd.), 3 B.R. 202 (Bkrtcy.D.N.M.1980); 2 Collier on Bankruptcy § 362.03 (15th ed. 1982).
For these reasons, we reverse the trial court’s order authorizing the execution sale.