Gary and Linda Mayo (the Mayos) petitioned the Planning Commission of Rainbow City to rezone their property. The Planning Commission approved the petition and notified the Mayor and City Council of Rainbow City (Council) of the proposed amendment to the zoning ordinance. A public hearing on the proposed amendment was held at the regular Council meeting in April 1986. However, the Council failed to bring this proposal to a vote on this occasion and on two subsequent occasions.
The Mayos filed a petition for mandamus in the Circuit Court of Etowah County seeking to require the Council to bring the proposed amendment to a vote. After several months of delay due to service problems, the Council answered the petition. The trial court issued an order directing the issuance of an alternative writ of mandamus. The Council completed discovery and filed a motion for summary judgment.
After a hearing the trial court issued an order denying the Council's motion for summary judgment and setting a date for a final hearing on the petition for writ of mandamus. The Council moved to make the order denying the motion for summary judgment a final order. The trial court granted this motion pursuant to Rule 54(b), Alabama Rules of Civil Procedure (A.R.Civ.P.).
The Council appeals from denial of the motion for summary judgment.
Our initial inquiry is whether the denial of the motion for summary judgment may in this case be certified as a final judgment pursuant to Rule 54(b), A.R.Civ. *Page 459 
P. The denial of a motion for summary judgment is interlocutory in nature and is not a final judgment. Food ServiceDistributors, Inc. v. Barber, 429 So.2d 1025 (Ala. 1983);McKiever v. King Hatch, Inc., 366 So.2d 264 (Ala. 1978); Swann v. Stovall, 506 So.2d 1017
(Ala.Civ.App. 1987).
The appealability of the denial of a motion for summary judgment, is addressed in 10 C. Wright, A. Miller M. Kane,Federal Practice and Procedure § 2715 at 636, 638 (1983), which provides:
 "A denial of summary judgment indicates that the moving party has failed to establish that there is no genuine issue as to any material fact and that he is entitled to a judgment as a matter of law; a trial therefore is necessary. As a result, the denial of a Rule 56 motion is an interlocutory order from which no appeal is available until the entry of judgment following the trial on the merits. At that time, the party who unsuccessfully sought summary judgment may argue that the trial court's denial of the Rule 56 motion was erroneous." (footnotes omitted)
In United States v. Florian, 312 U.S. 656,61 S.Ct. 713, 85 L.Ed. 1105 (1941), the United States Supreme Court reversed the judgment of a circuit court of appeals for want of jurisdiction. The circuit court of appeals had considered the appeal of an order denying plaintiff's motion to strike and motion for summary judgment. The Supreme Court reversed for want of jurisdiction, stating there was no final judgment to support the appeal before the circuit court of appeals.
There are three prerequisites for invoking Rule 54(b). First, there must be either multiple claims for relief or multiple parties involved. Second, there must be a final decision as to one of the claims or as to the rights and liabilities of one of the parties. Third, the court must determine that there is no just reason for delay. See, Rule 54(b), A.R.Civ.P.; 10 C. Wright, A. Miller M. Kane, Federal Practice andProcedure § 2656 (1983).
The denial of the Council's motion for summary judgment does not meet the prerequisites for invoking Rule 54(b). The Mayos filed a petition for writ of mandamus against the members of the Council seeking to require the Council, as a governing body, to vote upon their petition for rezoning. The trial court's denial of the Council's motion for summary judgment did not adjudicate the case on its merits. In fact, in its order denying the motion for summary judgment, the trial court stated that the Mayos were entitled to a hearing on the merits of their petition for a writ of mandamus. Further, the denial of summary judgment did not dispose of the case as to any member of the Council. Whether there was error in denying the motion for summary judgment is available for contention on appeal on the merits.
Because the order denying summary judgment does not meet the conditions for Rule 54(b) certification, it is not a final order and is not appealable. The appeal must be dismissed ex mero motu. McKiever, 366 So.2d 264.
If this effort to apply Rule 54(b) was based upon determination of a question of law dispositive of the case, Rule 5, Alabama Rules of Appellate Procedure, might have been appropriate except for one problem: Rule 5 does not apply to cases appealable to the court of civil appeals. Committee Comments to Rule 5, A.R.A.P.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of section12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
APPEAL DISMISSED.
All the Judges concur. *Page 460