145 So.2d 717

**Nellie POPE**

v.

**Voncile N. DAVIS et al.**

4 Div. 32.

Supreme Court of Alabama.

June 21, 1962.

Rehearing Denied Oct. 25, 1962.

Prestwood & Prestwood, Andalusia, for appellant.

Edward Brogden and W. H. Baldwin, Andalusia, for appellee D. C. Const. Co.

COLEMAN, Justice.

This is an appeal by a respondent, cross-complainant, from an adverse decree in a suit in equity to foreclose a mortgage.

Appellant filed her cross-bill making her former husband, Braxton B. Pope, a respondent to the cross-bill. The court rendered a decree on July 31, 1959. Among other things, the decree ordered that "the respondent, Braxton Pope, go hence with his costs in this behalf expended."

Appellant applied for a rehearing. On October 20, 1959, the court rendered a decree which ordered "that the decree heretofore rendered on the 31st day of July, 1959, be and the same is hereby set aside and held for naught insofar as said decree dismissed the cross-respondent, Braxton B. Pope; and the respondent cross-complainant, Nellie C. Pope, is hereby granted a rehearing insofar as her cross-bill seeking [sic] affirmative relief against the cross-respondent, Braxton B. Pope." The court confirmed the July decree in all respects

"* * * except the re-hearing herein above specifically granted to the respondent cross-complainant."

Appellant has appealed from the decree of October 20, 1959. One assignment of error recites as follows:

"15. The Court erred in granting a re-hearing against Braxton B. Pope (R–172) and at the same time confirming its decree of July 31, 1959 in all other respects."

We do not find in the record any showing that Braxton B. Pope has been served with notice of the appeal as required by § 801 or § 804, Title 7, Code 1940.

In some respects, perhaps, Pope has the same interest which appellant has against some of the appellees. As we understand it, however, appellant contends that her money was used by Pope to pay for property, title to which was taken in his name; that, at a time when she was married to Pope, the mortgage on that property was given to secure his debt; and, therefore, that the mortgage is void as to her. It appears that the court held otherwise, and that the decree on rehearing, in so far as it permits appellant to seek affirmative relief against Pope, contemplates that appellant's interest is opposed to Pope's interest.

Whether Pope has an interest the same as or opposed to the interest of appellant, the statute requires that he be given notice of the appeal, and that has not been done. Pope has not appeared in this court or waived service.

 With respect to § 801, Title 7, this court has consistently held that the service of citation of appeal, not waived, is necessary to the jurisdiction of this court on appeal, and when the record fails to show such service, appeal should be dismissed. Bowlin v. Bowlin, 267 Ala. 655, 104 So.2d 630.

The same result follows if Pope be regarded as a codefendant with appellant. § 804, Title 7. This court has adhered to the holding that it will ex mero motu dismiss an appeal where there has not been a compliance with § 804. Matthews v. Donald, 263 Ala. 575, 83 So.2d 291.

Consideration of appellees' motion to dismiss on a different ground is pretermitted.

Appeal dismissed.

LIVINGSTON, C. J., and LAWSON and GOODWYN, JJ., concur.