326 So.2d 103

**NELSON–AMERICAN DEVELOPERS, LTD., a limited partnership**

v.

**ENCO ENGINEERING CORPORATION, a corporation.**

SC 1357.

Supreme Court of Alabama.

Jan. 9, 1976.

Rehearing Denied Feb. 5, 1976.

Owen & Ball, Bay Minette, for appellant.

Pittman & Whittaker, Enterprise, for appellee.

BLOODWORTH, Justice.

This is an appeal from a summary judgment in a mechanic's lien suit. For the reason that this summary judgment is not a final judgment, the appeal is dismissed.

Plaintiff ENCO Engineering Corporation filed suit to foreclose a mechanic's lien against defendants Nelson-American Developers, Ltd., the Hoopers, Winn-Dixie Louisiana, Inc., City National Bank of Miami, Union Mutual Life Insurance Company, Revco Drug Store, Pizza Hut, Baldwin County Title Company and Southern Theatres of America.

ENCO's claim of lien is based upon a contract between it (as the contractor) and Nelson-American (as the developer and long-term lessee of the real estate) to build "Grant City Shopping Center" in Baldwin County. The Hoopers are the owners of the real estate. City National Bank loaned the construction money. Union Mutual Life is the permanent lender. The remaining defendants are tenants of Nelson-American in the shopping center and were joined because of alleged deficiencies in construction.

After defendants' motions to dismiss and for summary judgment were overruled, answers were filed. Various other pleadings, motions, orders, affidavits and depositions were filed including a counterclaim by Nelson-American against ENCO.

On March 19, 1975, summary judgment was entered in favor of the contractor ENCO Engineering against the developer North-American for $278,156.64. On May 15, 1975, the court granted ENCO's motion for summary judgment to establish a lien on the real estate to secure satisfaction of the summary judgment entered on March 19. On June 2, 1975, ENCO filed a motion requesting that the court amend its summary judgment of May 15 to state the priorities of the parties to the lawsuit with respect to the lien. [The permanent loan was closed on July 15, 1974, by assignment to Union Mutual Life of a mortgage from Nelson-American to City National Bank.] After a hearing, the court, on June 17, 1975, amended its summary judgment of May 15 by giving the lien priority over the mortgage.

On June 19, 1975, Nelson-American gave notice of appeal. Citation of appeal was issued by the register and since perfected on ENCO and defendants Hooper. Only the developer and lessee Nelson-American as appellant and the contractor ENCO as appellee are parties to this appeal.

Initially, appellee ENCO raises, by motion to dismiss the appeal, the lack of service of a citation of appeal on Defendant Union Mutual Life, whose rights as a mortgagee of the suit property were determined adversely to it by the summary judgment of June 17, 1975. Appellee cites Tit. 7, § 804, Code 1940, which in pertinent part reads:

"§ 804. (6143) (2884) *Summons or notice to parties who do not join in appeal.*—Any party against whom a judgment or decree is rendered, may individually appeal to the supreme court or court of appeals without taking the appeal in the name of the other codefendant, but the clerk or register of the court from which the appeal is taken, shall issue a summons when the appeal is so taken, to such as do not join in the appeal to appear before the supreme court or court of appeals at the time to which the appeal is returnable, and unite in said appeal if he see proper, which sum-

mons may be served upon the party, or his attorney of record in the lower court. . . . "

Appellee cites decisions of this Court to the effect that service of citation of appeal, not waived, on a co-defendant adversely affected by the judgment below, is necessary to the jurisdiction of the Supreme Court, and when the record fails to show service, the appeal should be dismissed. See *Pope v. Davis*, 274 Ala. 201, 145 So.2d 717 (1962).

Although heretofore this has been the rule of our decisions, on April 23, 1973, this Court adopted Rule 52, 290 Ala. XVII, which provides in pertinent part:

"No appeal shall be dismissed . . . where the transcript of the record on appeal . . . (c) fails to show service of notice to parties who do not join in the appeal under Tit. 7, § 804 (this notice may be ordered by this court after submission if deemed necessary), . . . unless the failure . . . has been called to the attention of this court prior to submission by written motion . . . and the failure . . . remains uncorrected at time of submission . . . ."

The record shows that, after the motion to dismiss was filed on October 24, 1975, but before submission, the appellant filed herein a waiver of service of citation of appeal by Union Mutual Life Insurance Company. Thus, the failure to serve the citation of appeal has been corrected in accordance with Rule 52 and the motion to dismiss on that ground is due to be denied.

■ Although we find no merit in appellee's motion to dismiss, we do find that the appeal must be dismissed by the Court but for a different reason.

We have carefully examined the three summary judgments, the original order of March 19 and the two amendatory orders of May 15 and June 17. Nowhere do we find therein any "express determination that there is no just reason for delay and upon an express direction for the entry of judgment" in accordance with the mandate of Rule 54(b) A.R.C.P.

When there are multiple parties (as here) and multiple claims (as here) the rule requires such determination and direction for the reason that the order entered is interlocutory and "is subject to revision at any time before a judgment which adjudicates all the rights and liabilities of all the parties. Because it is subject to revision, it is not a final judgment and will not support an appeal." *Powell v. Republic National Life Insurance Co. et al.*, 293 Ala. 101, 300 So.2d 359 (1974); See also *Cates v. Bush*, 293 Ala. 535, 307 So.2d 6 (1975), where the history of the rule is traced.

We think it clear here that this case presents more than one claim for relief, as well as having multiple parties.

As we noted in *Powell*, supra, "[w]hen it is determined that an order appealed from is not a final judgment, it is the duty of the Court to dismiss the appeal ex mero motu."

Moreover, as we wrote in *Cates*, supra, "Tit. 7, Section 754, provides that . . . appeal must be only from a final judgment. Rule 54(b) merely sets out one instance where a judgment may now be made final although it would not have been final prior to the adoption of the new rules."

In conclusion, as we noted in *Powell*,

"This holding is not to be construed as depriving appellant of a review of the order granting summary judgment by appeal from the final judgment ultimately entered in the cause nor as precluding the trial court from vacating its prior order and entering one in conformity with Rule 54(b). See 10 Wright and Miller, supra, § 2660 (1973)."

Appeal dismissed.

HEFLIN, C. J., and FAULKNER, ALMON and EMBRY, JJ., concur.