Intervenor Mary Simpson appeals from the trial court's denial of her petition to reform a deed. The appeal must be dismissed. Rule 54 (b), Alabama Rules of Civil Procedure.
After securing the removal of the administration of the estate of Robert H. Simpson from the Probate Court of Montgomery County to Montgomery Circuit Court, plaintiffs, the First Alabama Bank of Montgomery, N.A., the Union Bank and Trust Company, Crescent Credit Corporation, and the Bank of Prattville, filed suit against Mary Simpson as Executrix of the Estate of Robert H. Simpson, her deceased husband. Plaintiffs alleged that they had filed claims against the estate totalling almost $30,000 and that the deceased was, at the time of his death, sole owner of a house and lot *Page 293 
located on Vaughn Road in Montgomery. They seek, inter alia, to have the court order the Executrix to sell the assets of the estate, including the Vaughn Road property, and to apply the proceeds to their claims.
Mary Simpson, individually, filed a petition of intervention in the pending action seeking to have the deed to the Vaughn Road property reformed. She alleged that it had been the intention of the parties that the property be conveyed to her and her husband as joint tenants with right of survivorship.
The trial court granted her petition to intervene and held a hearing ore tenus on her petition for reformation of the deed. The trial court then entered an order denying her petition for reformation of the deed, and she appealed.
The trial court's order disposed only of Mrs. Simpson's petition for reformation and not of the claims of plaintiffs nor of their petition to sell the property to pay their claims.
We take note that this is a case involving multiple claims and multiple parties and that the order entered by the trial court adjudicated fewer than all the claims and the rights of fewer than all the parties. The trial court did not, as permitted by Rule 54 (b), ARCP, expressly direct the entry of final judgment nor expressly determine that there was no just reason for delay. Consequently, the order is not a final order and will not support an appeal. Nelson-American Developers,Ltd., v. Enco Engineering Corp., 295 Ala. 185, 326 So.2d 103
(1976). See Wright Miller, Federal Practice and Procedure: Civil § 2660.
The reason for the rule is noted in Nelson-American, supra:
 "When there are multiple parties (as here) and multiple claims (as here) the rule requires such determination and direction for the reason that the order entered is interlocutory and `is subject to revision at any time before a judgment which adjudicates all the rights and liabilities of all the parties. Because it is subject to revision, it is not a final judgment and will not support an appeal.' . . ."
As we pointed out in Nelson-American, supra, and in Powell v.Republic National Life Insurance Co., 293 Ala. 101, 103,300 So.2d 359 (1974):
 "This holding is not to be construed as depriving appellant of a review of the order granting summary judgment by appeal from the final judgment ultimately entered in the cause nor as precluding the trial court from vacating its prior order and entering one in conformity with Rule 54 (b). . . ."
APPEAL DISMISSED.
TORBERT, C.J., and JONES, ALMON and EMBRY, JJ., concur.