This appeal must be dismissed because of the failure of the order appealed from to qualify as a final order under Rule 54 (b), ARCP.
Six of the heirs of W.M. Chambers sued two other Chambers' heirs, alternatively contending that a deed of certain real estate executed in favor of the two defendants and one of the plaintiffs was unsupported by consideration, or delivery was otherwise void for failure of Mrs. Chambers to join in its execution, or that it was the result of prenuptial fraud. They alleged that the deed was executed for convenience, with the parties having agreed that the grantor would retain possession of and be entitled to the rents and income of the land during his lifetime, and at his death each of the plaintiffs and the defendants would receive a one-eighth part. Thus, the plaintiffs maintained, a resulting trust was created for Chambers during his lifetime, and for the parties after his death, until March, 1975. At and after that time, it was alleged, the defendants refused to divide the rents and income with the plaintiffs in equal portions.
The plaintiffs sought a declaration of a resulting trust in the lands, or cancellation of the deed. They asserted that the lands could not be equitably divided or partitioned in kind; and that the descriptions of the lands were ambiguous, requiring a survey and preparation of a plat. In addition, plaintiffs requested an accounting for sums received as rents and income since January 1, 1975 and a sale of the lands and division of the proceeds among the parties.
The answers of the defendants set up the defenses of laches, estoppel, consideration for the deed by care rendered to Mr. Chambers, the absence of any resulting trust, a claim against the plaintiffs for services rendered, that the deed represented a gift, and res judicata.
The issue of title was tried to a jury which returned a verdict imposing a constructive trust on the lands in the plaintiffs' favor. Under that verdict the trial court decreed that each party owned an undivided one-eighth interest in the land; however the trial court expressly reserved the otherissues for further action by it.
It may be readily observed that this is a cause with multiple parties and claims, and is not unlike Simpson v. First AlabamaBank of Montgomery, 345 So.2d 292 (Ala. 1977) except that there are additional issues in the instant case which were not present in that case. This Court had no option in that case but to dismiss the appeal because the trial court had disposed of neither the plaintiffs' claims against the decedents' estate nor their petition to sell the property of the deceased to pay those claims. The same situation exists in this case. As yet the trial court has not decided whether the property can be equitably divided, or whether a sale is necessary, or whether the multiple plaintiffs are entitled to the accounting requested. Furthermore, the trial court did not enter a final judgment as to "fewer than all of the claims of parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." Rule 54 (b), ARCP. In the absence of such a determination in a multiple party or multiple claim case, no decision is final and the order will not support an appeal. *Page 636 Simpson, supra. Accordingly, the appeal must be, and is, dismissed.
APPEAL DISMISSED.
TORBERT, C.J., and MADDOX, JONES and SHORES, JJ., concur.