This is an appeal from the denial of a motion to set aside a judgment by default.
Plaintiff Ellison brought suit against Lawler Mobile Homes, Inc. and Nationwide Financial Corporation for breach of an implied warranty of fitness and merchantability in the sale of a mobile home. After taking testimony the court, on July 15, 1977, entered judgment by default against Lawler Mobile Homes, Inc., awarding damages in the amount of $3,750. On August 12, 1977 Lawler moved to set aside the judgment under Rule 55 (c). The motion was denied on October 11. Defendant Nationwide Financial Corporation moved to be dismissed from the suit and the motion was granted by order entered on December 13, 1977. On December 14, Lawler filed a pleading styled as an amendment to the original motion to set aside the default. Hearing on that motion was held by the court on January 10, 1978. Testimony was taken orally before the trial court and the motion was denied the same date. Lawler gave notice of appeal on February 14, 1978. *Page 1094 
 On Motion To Dismiss Appeal
Plaintiff has moved to dismiss the appeal on the ground that it was not timely filed. Plaintiff submits that Rule 59.1, ARCP applies in this case. We disagree.
Rule 59.1, ARCP provides inter alia that failure to dispose of certain post-trial motions within ninety days after their filing without extensions of the time constitutes a denial of the motion and the time for giving notice of appeal begins to run from the ninetieth day. If Rule 59.1 applied, time for appeal would have expired on December 22. Rule 59.1 expressly applies only to post-trial motions filed under Rules 50, 52 and 59. The motion in this case was filed under Rule 55 (c).
We point out that the default judgment entered on July 15, 1977, because of the operation of Rule 54 (b), was not a final judgment and did not become final and appealable until the entry of the judgment dismissing the remaining defendant Nationwide Financial Corporation on December 13, 1977. SeeNelson-American Developers Ltd. v. Enco Eng'r Corp., 295 Ala. 185, 326 So.2d 103 (1976); Cates v. Bush, 293 Ala. 535,307 So.2d 6 (1975); Powell v. Republic Nat'l Life Ins. Co.,293 Ala. 101, 300 So.2d 359 (1974). It would appear that defendant had thirty days thereafter to file a motion to set aside the default judgment. The amendment to the motion to set aside filed by defendant on December 14 and heard by the court on January 10, 1978 could then become a post-trial motion under Rule 59 (e) and thereafter be subject to Rule 59.1. Appellate review of the January 10 denial of the motion to set aside the judgment by default and of the judgment itself was timely invoked by the notice of appeal filed on February 14, 1978.
For the reason that Rule 59.1, ARCP did not become operative in this case and because the rule does not apply to a motion to set aside a default filed under Rule 55 (c), the motion to dismiss the appeal because not timely filed is denied.
 On the Merits
Lawler contends that the evidence shows an abuse of discretion in refusing to set aside the default judgment. The contention is based upon the testimony of Mooreland, owner of Lawler, that after being served with the complaint, he contacted plaintiff's attorney and discussed with him the fact that he was in the process of making repairs and correcting the defects of the trailer which were the basis of the suit. He stated that the attorney told him not to worry about the suit, but to complete the repairs. Though the attorney did not tell him that a default would not be taken, Mooreland gave the suit papers to his attorney and told him it was being taken care of. No answer was filed by Lawler. Though it was stated by Mooreland that all the repairs and corrections had been made except one small one, default was entered.
It is settled that Rule 55 (c) places the granting or denial of a motion to set aside a judgment by default within the discretion of the trial judge. He is in the best position to judge the circumstances and evaluate the good faith and credibility of the parties. 10 Wright Miller, FederalPractice and Procedure, § 2685. However, Rule 55 (c) is to be liberally applied to the end that all the matters may be heard and judged upon the merits. Our supreme court has said it disfavors default judgments. Cockrell v. World's FinestChocolate Co., Inc., 349 So.2d 1117 (Ala. 1977).
We believe the record of the pleadings and the undisputed evidence presents a situation which requires the disfavor of disposing of a controversy by default to be exercised. This suit was filed on May 19, 1977. It was served on Lawler on May 24. On June 13, 1977 defendant National Financial Corporation filed a motion to dismiss or transfer the suit to Jefferson County for improper venue in Chilton County. The motion was accompanied by affidavit. On July 15, 1977, a judgment by default was entered by the court against Lawler. On August 12, motion to set aside was filed by Lawler. The motion of National Financial Corporation remained pending. The case had not apparently been set for trial. *Page 1095 
The motion to set aside was denied on October 11, 1977. Lawler filed an amended motion on October 14, 1977 alleging that the defects for which damages were claimed by plaintiff had been repaired by Lawler and any damages remaining would be nominal. On December 13, 1977 defendant National's motion to dismiss was granted. Lawler again amended its motion to set aside on December 14 and hearing was set thereon for January 10, 1978.
At the hearing testimony was given that after receiving service of the complaint, Mooreland, owner of Lawler, contacted plaintiff's attorney and advised him that he was proceeding with repairs of the defects to the trailer listed by the attorney in a pre-filing letter to National Financial Corporation. Lawler had been sent a copy of the letter. He told the attorney that they only lacked one small item being completed and that they were awaiting a piece of material from the factory valued at $35.00. The attorney told Mooreland to go ahead and finish and not to worry about the lawsuit. Mooreland informed his attorney of the suit and gave him the copy of the complaint. However, he told him that because of the state of repairs and his conversation with plaintiff's attorney, action on the suit would be unnecessary.
Plaintiff's counsel admitted that he was contacted by Mooreland on June 14, 1977 and discussed with him necessary repairs to the trailer, but that he never told him that he was not going to proceed with the suit or that he would not take a default. Plaintiff's counsel did not deny Mooreland's testimony that he told him not to worry about the suit and to go ahead with repairs. The testimony that some repairs were actually made after the filing of suit with the acquiescence of plaintiff and his attorney was not denied. Lawler's counsel verified that Mooreland told him of his conversation with plaintiff's counsel and that the matter was being settled.
The primary purpose of the rule providing for entry of default judgments is to provide a means of enforcement of rules of pleading so that litigation may be expedited and speedily completed. If the evidence fails to indicate an intent to violate that purpose and no substantial prejudice to the non-defaulting party is indicated, the federal courts follow a policy of liberality in granting relief from default judgments.Klapprott v. U.S., 335 U.S. 601, 69 S.Ct. 384, 93 L.Ed. 266
(1949); Gomez v. Williams, 420 F.2d 1364 (1970). It is said that all doubts should be resolved in favor of the party seeking relief. Tolson v. Hodge, 411 F.2d 123 (1969).
In considering the undisputed testimony that there was conversation between defendant Lawler and counsel for plaintiff concerning the law suit and that efforts toward settlement were being made by Lawler and accepted by defendant during the time for pleading, it is clear that Lawler did not default intentionally with a purpose of delay. It is further evident that less than sixty days expired from service until judgment, with prompt attempt to secure removal of the default. There appears no question of substantial prejudice to plaintiff if the default were set aside. There is considerable question as to whether Lawler may have corrected all or some of the defects for which damages were granted in the judgment. It is the opinion of the court that in view of the record and undisputed evidence in this case, the trial court failed to properly exercise its discretion and that its failure to set aside the default judgment appears unjust. We therefore reverse the judgment and direct the default judgment be set aside and opportunity for trial on the merits be afforded defendant Lawler.
REVERSED AND REMANDED WITH DIRECTION.
BRADLEY and HOLMES, JJ., concur. *Page 1096