Garland Kelley appeals the trial court's grant of partial summary judgment as to claims for injuries he sustained from a gunshot wound while working for defendants. Since the summary judgment was not a final judgment, the appeal must be dismissed.
Appellant Kelley was employed by defendants, U.S.A. Oil Corporation and Ray Dupree, to work at a service station. While at work on October 29, 1975, Kelley was shot during a robbery of the station. On March 26, 1976, Kelley filed suit for personal injuries in the Jefferson County Circuit Court alleging negligence against U.S.A. Oil Corporation in failing to provide a reasonably safe place to work.
Kelley subsequently amended his complaint joining Ray Dupree as a defendant and adding counts under both the Employers Liability Act and the Workmen's Compensation Act. Both defendants filed motions for summary judgment which were granted as to all claims except the workmen's compensation claim against U.S.A. Oil Corporation. This claim was set for trial on April 10, 1978. On the morning of April 10 before trial, Kelley notified the trial court that he intended to appeal the grant of summary judgment. He was granted a continuance of the workmen's compensation claim pending appeal.
To support an appeal, the order appealed from must be a final judgment. Ala. Code § 12-22-2 (1975); Powell v. RepublicNational Life Insurance Co., 293 Ala. 101, 300 So.2d 359
(1974). The order of the trial court provides as follows:
November 28, 1977.
 On November 23, 1977, motion for summary judgment on behalf of U.S.A. Oil Company, a Corporation, was submitted to the court to the plaintiff's complaint, as last amended, based upon deposition of Garland L. Kelley, answers to interrogatories of Garland L. Kelley, and affidavit of Joe Saxon, and motion for summary judgment in behalf of the defendant Ray Dupree to the plaintiff's complaint, as last amended, based upon the depositions of Garland L. Kelley and Marie Kelley, and the answers to interrogatories of Garland L. Kelley; and, the court having considered the said motions for summary judgment, the court is of the opinion that there is no genuine issue of a material fact as a matter of law; and that said motions are hereby granted as to all claims of the plaintiff against the defendants, except as to the plaintiff's claim against U.S.A. Oil Company, a Corporation, which is based upon the provisions of the workmen's compensation Act of the State of Alabama; and as to this particular claim, the motion for summary judgment on behalf of U.S.A. Oil Company, a Corporation, is overruled.
 The Clerk is directed to set the case of Garland L. Kelley against U.S.A. Oil Company, a Corporation, Case No. 52991, on the non-jury docket of April 10, 1978, as a "special" before the undersigned judge.
Where there are multiple parties or multiple claims (as here), ARCP 54 (b) provides that final judgment may be entered as to *Page 760 
"one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." In the absence of such a determination and direction, the action is not terminated as to any claim or party and the order is subject to revision. ARCP 54 (b). Because such an order is subject to revision, it is not a final judgment.Nelson-American Developers, Ltd. v. Enco Engineering Corp.,295 Ala. 185, 326 So.2d 103 (1976).
In the instant case, the trial court granted summary judgment as to fewer than all of the claims and parties, but did not make an express determination of no just reason for delay or direct the entry of judgment. Therefore, the order was not a final judgment and the appeal must be dismissed ex mero motu.Powell v. Republic National Life Insurance Co., supra; Taylorv. Major Finance Co., 289 Ala. 458, 268 So.2d 738 (1972).
APPEAL DISMISSED.
MADDOX, JONES, SHORES and BEATTY, JJ., concur.