ADAMS, Justice.
This is an appeal from a summary judgment granted by the Circuit Court for Chil- *357 ton County. The judgment declared that a deed conveying eighty acres of timberland, granted by Fayette Julius Ellison to defendants Aubrey and Ruby Baker was null and void, and the Bakers appealed.
The following issues are dispositive of this case:
1. Was the summary judgment rendered by the trial court on December 2, 1981, a final, appealable judgment, rendering this appeal untimely?
2. Did the Probate Court of Chilton County have jurisdiction to appoint a curator for Ellison under Code 1975, § 26-7A-1, as amended?
3. May a curator of the grantor elect to declare a conveyance null and void under Code 1975, § 8-9-12?
4. Was the plaintiff entitled to a summary judgment?
As to the first issue, we find that the summary judgment was not final until November 11, 1982, and thus, the appeal is timely. We answer “yes” to the other issues, and affirm.
The following is a summary of the facts in this case:
On March 17, 1978, Ellison suffered a stroke and a heart attack. After several hospital confinements during the course of more than a year, Ellison’s family contracted with the Bakers to care for him in their home. The initial agreement was that the Bakers would be paid $400.00 per month for this care, but within a short time the amount was raised to $500.00. In addition, the Bakers were to be reimbursed for Ellison’s medicine and medical supplies. Ellison was in the care of the Bakers from about May 26, 1979, to about October 28, 1980.
On January 24, 1980, the Bakers recorded a deed to eighty acres of land from Ellison to them. The recited consideration therefor was one dollar “and other valuable consideration.” On February 9, 1980, the Bakers recorded an agreement unilaterally executed by them, stating that the “other valuable consideration” included an agreement to provide a home for Ellison and attend to his physical needs for the rest of his life.
On February 25, 1980, this suit was brought in Ellison’s name by his sister and next friend, Carrie Catón, pursuant to Rule 17(c), A.R.Civ.P. Attached to the complaint was an affidavit of a doctor who had treated Ellison at the time of his heart attack and stroke and on several occasions thereafter. It was stated by the doctor that “the stroke and heart attack caused Mr. Ellison to be so weak and sick and so mentally and physically defective that in my opinion he has been since March 17, 1978, unable to take care of his property and business matters, and in consequence thereof, he is liable and most likely to dissipate or lose his property and money, or to become the victim of designing persons.” The complaint asked the court to set aside the deed and agreement, alleging fraud and undue influence.
The Bakers filed a notarized motion to dismiss, signed by them and Ellison, who at that time was still in their care. In the motion they stated that Ellison’s sister had no authority to bring the lawsuit, and that Ellison was not incompetent, but was fully competent and could act for himself. The Bakers subsequently filed an answer denying the material allegations.
On January 5, 1981, Rhonie Johnson was named curator of Ellison by the Probate Court of Chilton County pursuant to Title 26, Chapter 7A, Code 1975, as amended. Then Mr. Johnson joined Carrie Catón in ratifying and confirming the previously filed complaint and in moving the trial court to substitute Mr. Johnson as plaintiff-representative of Ellison. At the same time Mr. Johnson filed an amendment to the complaint on Ellison’s behalf, adding a cause of action pursuant to Code 1975, § 8-9-12, which allows a grantor the option of voiding a conveyance of land wherein a material part of the consideration is the agreement of the grantee to support the grantor during his life. The substitution was entered March 19, 1981.
Johnson filed a motion for summary judgment. While this motion was pending, *358 the complaint was amended to add a claim under § 35-1-2, as amended, seeking to have certain gifts of personal property to the Bakers declared void. The court, on December 2, after considering the pleadings, motions, answers to interrogatories, and exhibits, granted summary judgment in favor of the plaintiff with regard to the deed, reserving all other issues for further hearing and decree.
Ellison died December 15, 1981. On December 16 the Bakers filed a motion for new trial and/or application for rehearing. Subsequently, the administrators of Ellison’s estate, Berlin C. Johnson and J.R. Johnson, were substituted as plaintiffs in this case, and the motion for new trial/rehearing was denied. On June 8, 1982, the Bakers filed a motion to permit a late filed appeal, which the court denied, stating that it had lost jurisdiction.
On November 11, 1982, the following bench note was written and made a part of the record:
November 11, 1982, in open [court] came the parties with their attorneys, and this case having been previously set for this date, and the Plaintiffs waiving their claim to decedent’s personal property and the real estate issue having been decided on Summary Judgment, this case is dismissed.
The Bakers filed notice of appeal on November 17, 1982.
I.
The appellees argue that the summary judgment was a final judgment on December 2, 1981, and, therefore, that this appeal is untimely. They claim that the judge intended a severance with relation to the action on the deed, and that “the substance of the court’s action, not its form, controls,” citing Key v. Robert M. Duke Insurance Agency, 340 So.2d 781 (Ala.1976). In Key, the defendants had expressly asked for, and had been expressly granted, a severance. This court held that the substance of the court’s action was consistent with its form, and there was a severance in fact as well as form.
The record in the case before us shows no suggestion of a severance. The case is much more nearly parallel with many in which we have found that there was no final judgment. In Chambers v. Chambers, 356 So.2d 634 (Ala.1978), a cause with multiple parties and claims, the issue of title to real property was tried to a jury. The trial court issued a decree on that issue, expressly reserving the other issues for further action. The real property issue was appealed, and this court stated:
As yet the trial court has not decided whether the property can be equitably divided, or whether a sale is necessary, or whether the multiple plaintiffs are entitled to the accounting requested. Furthermore, the trial court did not enter a final judgment as to “fewer than all of the claims of parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.” Rule 54(b), ARCP. In the absence of such a determination in a multiple party or multiple claim ease, no decision is final and the order will not support an appeal.
Chambers v. Chambers, 356 So.2d, at 635.
In McKiever v. King & Hatch, Inc., 366 So.2d 264 (Ala.1978), an appeal from a summary judgment, this court stated:
When there are multiple parties or multiple claims, any order which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not a final judgment. Appeal may be had “only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.” Rule 54(b), ARCP; Kelley v. U.S.A. Oil Cory., 363 So.2d 758 (Ala.1978); Chiniche v. Smith, 362'So.2d 853 (Ala.1978).
McKiever v. King & Hatch, Inc., 366 So.2d, at 265.
The fact that the trial court denied the motion to allow a late appeal on the ground that it had lost jurisdiction does not render the summary judgment final. In Martin v. Hinson, 364 So.2d 674 (Ala.1978), an appeal *359 from the denial of a motion to set aside the granting of a 12(b)(6) motion, this court noted that there had been no disposition of the case with respect to the other defendants, and that there was neither an “express determination that there was no just reason for delay” nor “an express direction for the entry of judgment” as required by Rule 54(b), A.R.Civ.P. The court then continued:
Notwithstanding the filing and acceptance of an appeal bond in the circuit court, there has been no final judgment in this case to support an appeal. Chambers v. Chambers, 356 So.2d 634 (Ala. 1978); Powell v. Republic National Life Insurance Co., 293 Ala. 101, 300 So.2d 359 (1974).

Martin v. Hinson, supra.

Based on the above principles, we find that the summary judgment was not final on December 2, 1981, and did not become a final judgment until November 11, 1982, when the other issues were disposed of. This appeal, therefore, cannot be dismissed.
II.
The Bakers attack the validity of the letters of curatorship granted under § 26-7A-l. They argue that if the curatorship was invalid, then the question of voiding the deed pursuant to § 8-9-12 was never properly before the trial court prior to the death of Ellison. The Bakers’ claim of invalidity of the statute is based on the fact that § 26-7A-l states, in pertinent part, “Any probate court, in the exercise of its equity jurisdiction, may appoint a cura-tor_” Neither the Constitution of Alabama, 1901, nor any statutes of the state grant general equity jurisdiction to the probate courts. The Bakers argue, then, that only those probate courts having been specifically granted equity jurisdiction may validly appoint a curator under the statute, and the Probate Court of Chilton County does not appear to have been granted such jurisdiction.
The appellees call our attention to Act 83-153, Acts of Alabama, Second Special Session, 1983, an amendment to § 26-7A-l, which, they say, clarified that all probate courts have jurisdiction to appoint curators and ratified, all curators previously appointed pursuant to the statute. Act 83-153 is set out below, along with its stated purpose:
AN ACT
To amend Section 26-7A-1 of the Code of Alabama 1975, as amended, which provides for curators being appointed in the probate court so as to clarify that curators may be appointed in any probate court in the State of Alabama and to ratify previous curator appointments by any probate judge which otherwise would qualify under Chapter 7A of Title 26 of the Code of Alabama and in existence on the date of this Act.

Be It Enacted by the Legislature of Alabama

Section 1. Section 26-7A-1, as amended, of the Code of Alabama 1975, is hereby amended to read as follows:
§ 26-7A-1. Probate court; grounds. Any probate court may appoint a curator to take charge of, manage and conserve the property of any person permanently or temporarily residing in this state, who shall become physically incapacitated, or feeble-minded or epileptic or so mentally or physically defective by reason of age, sickness, use of drugs, the excessive use of alcohol or for other causes that he or she is unable to take care of his or her property, and in consequence thereof, is liable to dissipate or lose the same, or to become the victim of designing persons.
Section 2. All curators previously appointed by any probate judge which otherwise qualify under Chapter 7A of title 26 of the Code of Alabama and in existence on the effective date of this Act are hereby ratified.
Section 3. The provisions of this Act are severable. If any part of this act is declared invalid or unconstitutional, such *360 declaration shall not affect the part that remains.
Section 4. This Act shall become effective immediately upon its passage and approval by the Governor, or upon its otherwise becoming a law.
Approved February 22, 1983
While neither party brought it to our attention, we note that Section 2 of the Act purports to ratify all curators in existence on the effective date of the Act. However, to hold that only the curatorships continuing into 1983 were ratified, while those created in the exact same manner, but which terminated at an earlier date were invalid, would unreasonably discriminate against a narrow class of curators. It would also cast a cloud of doubt on all acts done on behalf of their wards by curators appointed by probate courts pursuant to § 26-7A-1, unless the appointing probate court had been specifically granted general equity jurisdiction, or unless the ward survived to the effective date of the Act. We find no rational basis for such a result. This court will construe statutes, if possible, to uphold their validity. See Pruitt v. Patton, 288 Ala. 710, 265 So.2d 130 (1972). We, therefore, construe Act 83-153 to ratify all curators previously appointed by any probate judge who otherwise qualify under Chapter 7A of Title 26, Code 1975. (See Ransom v. Ransom, 401 So.2d 746 (Ala. 1981); Orr v. Orr, 374 So.2d 895 (Ala.Civ. App.1979).)
III.
Having held that the appointment of the curator was valid in this case, we next consider whether a curator has the right to file an action to void a deed under § 8-9-12. Rule 17(c), A.R.Civ.P., states, in pertinent part, “Whenever an incompetent person has a representative such as a general guardian or a like fiduciary, the representative may sue or defend in the name of the incompetent person.” A curator has generally the same powers as a guardian under § 26-7A-16, and is qualified to file suit on behalf of his ward under Rule 17(c). The Bakers argue that the right to declare a conveyance null and void under § 8-9-12 is personal to the grantor, and may not be done by anyone in his name under Rule 17(c). They insist that the situation is similar to the former right of a widow to dissent from her husband’s will. That right was absolute with the widow, herself, but, when undertaken on her behalf by her personal representative, required proof that it was in her best interest.
We have examined this argument and the applicable law. Without going into the details of both situations, we find that the two are not parallel, and that the election to void the deed pursuant to § 8-9-12 was properly exercised by the curator under Rule 17(e).
IV.
The final issue raised is whether summary judgment is appropriate in this case. Regarding the grant of a summary judgment, Rule 56(c), A.R.Civ.P., says:
The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.
The Bakers claim that the fact that Ellison signed, under oath, the motion to dismiss, which stated that he was not incompetent, placed the curator’s right to act in his behalf at issue, and testimony should have been required relating to this issue.
The motion to dismiss was filed pri- or to the appointment of a curator pursuant to Chapter 7A of Title 26. That chapter requires a hearing at which the petitioner must prove by a preponderance of the competent evidence that the proposed ward is incapacitated within the definition set forth in § 26-7A-l. In our case, the letters of curatorship were made a part of the record, and were before the trial court. We hold that, absent any evidence of irregularity in the proceedings to appoint the curator, Ellison’s incapacity was no longer at issue at the time the summary judgment *361 was rendered. No other material facts being at issue, we view the inferences from the facts most favorably to the non-moving party, and conclude that summary judgment in favor of the plaintiff was appropriate in this case.
The judgment of the trial court is affirmed.
AFFIRMED.
TORBERT, C.J., and FAULKNER and JONES, JJ., concur.
ALMON, J., concurs in the result.